# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Blanton Banks, II, | Case No. 2:21-cv-01580-APG-DJA |
| Plaintiff, | |
| v. | **Order** |
| Trans Union, et al., | |
| Defendants. | |

Plaintiff is proceeding *pro se* under 28 U.S.C. § 1915 and has requested authority to proceed *in forma pauperis.* (ECF No. 6). Plaintiff also submitted a complaint. (ECF No. 1-1). Plaintiff has moved to submit an audio file to the Court. (ECF No. 4).

**I.** *In forma pauperis* **application.**

Plaintiff has filed the application required by § 1915(a). (ECF No. 6). Plaintiff has shown an inability to prepay fees and costs or to give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.     Screening the complaint.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, Plaintiff alleges violations of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, the Truth in Lending Act, the Privacy Act, and the Freedom of Information Act against Defendants related to charges he

disputes on his credit reports. Plaintiff claims that he sent credit reporting agencies and debt holders debt validation letters, to which he alleges the companies responded inadequately.

### A. Fair Credit Reporting Act.

Under Section 1681i of the Fair Credit Reporting Act (FCRA),

> if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such a dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller. 15 U.S.C.A. § 1681i(a)(1)(A).

In addition to the required reinvestigation, a consumer reporting agency ("CRA") has a duty to promptly notify the entity or individual who provided the information that such information has been disputed before the expiration of the 5-business-day period that begins on the date the CRA received notice of the dispute. 15 U.S.C.A. § 1681i(a)(2)(A). A CRA may terminate a reinvestigation if it reasonably determines that the dispute is frivolous or irrelevant. 15 U.S.C.A. § 1681i(a)(3)(A). However, if the reinvestigation reveals that the disputed information is in fact inaccurate or incomplete or cannot be verified, the CRA shall promptly delete that item of information from the file and promptly notify the furnisher of that information. 15 U.S.C.A. § 1681i(a)(5)(A)(i)-(ii). The Ninth Circuit has held "that a plaintiff filing suit under [§] 1681i must make a 'prima facie showing of inaccurate reporting.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010).

Plaintiff does not identify the section of the FCRA under which he brings his claims. However, the Court liberally construes Plaintiff as asserting violations of 15 U.S.C.A. § 1681i(a). Plaintiff brings his claim against TransUnion, Equifax, and Experian. Collectively, the Court refers to these Defendants as the "Credit Reporting Defendants."

Plaintiff asserts that he sent debt validation letters to the Credit Reporting Defendants on July 8, 2020. (ECF No. 6 at 3-6). Plaintiff alleges that TransUnion and Experian responded to

his requests late, constituting a violation of the FCRA. *See id.* Plaintiff's claims under 15 U.S.C.A. § 1681i(a)(1)(A) will thus proceed against TransUnion and Experian.

Plaintiff has also made a prima facie showing of inaccurate reporting as it relates to TransUnion's reporting of an account with Aargon Agency. *See id.* He alleges that, even though he informed TransUnion that he had received a letter from Aargon Agency informing Plaintiff that he had no account with Aargon, TransUnion continued to consider Aargon Agency a valid account. *See id.* Plaintiff's claim under 15 U.S.C.A. § 1681i(a)(5)(A)(i)-(ii) will proceed against TransUnion.

Plaintiff has not made a prima facie showing of inaccurate reporting by Experian. While he claims that Experian did not conduct a reasonable investigation, he provides no specific allegations about which accounts he believes are inaccurate. Because Plaintiff does not allege a prima facie showing of inaccurate reporting, his claim under 15 U.S.C.A. § 1681i(a)(5)(A)(i)-(ii) as alleged against Experian is dismissed without prejudice.

However, Plaintiff alleges that Equifax timely responded. *See id.* Although Plaintiff asserts that Equifax failed to conduct an actual or reasonable investigation into his disputes, he does not explain why other than stating that the disputed accounts remained on his credit report. *See id.* For the purposes of screening, Plaintiff has not made prima facie showing of inaccurate reporting against Equifax. Thus, Plaintiff's FCRA claim against Equifax is dismissed without prejudice.

        ***B.     Fair Debt Collection Practices Act***

Plaintiff alleges that Defendants Capital One Bank USA N; Client Services, INC.; First Premier Bank; Assert Recovery Solutions, LLC; Ad Astra Recovery Services, INC.; Wells Fargo Bank; U.S. Auto Credit Purchasing Center, LLC; I.Q. Data International, INC.; TBOM/Total Card; KAPS & CO. USA, LLC; I.C. System, INC.; Aargon Agency, INC.; and Portfolio Recovery Associates, LLC each violated the Fair Debt Collection Practices Act (FDCPA). Collectively, the Court refers to these Defendants as the "Furnishing Defendants."

Plaintiff asserts that he was forced to contact the Furnishing Defendants directly after receiving what he alleges were inadequate and late responses to his debt validation letters from

the Credit Reporting Defendants.  Plaintiff does not explain under which provision of the FDCPA he brings his claims, but the Court liberally construes his complaint as asserting claims under 16 U.S.C. § 1692g, requiring debt collectors to validate debts.  Under the FDCPA, a debt collector is defined as any person who uses "any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  16 U.S.C. § 1692a(6).  Within five days after the initial communication with a consumer in connection with a debt, a debt collector shall send the consumer a written notice containing certain information about the debt.  *See* 15 U.S.C. § 1692g(a).  The consumer has thirty days after receiving this notice to dispute the validity of a debt, after which the debt collector must cease collection until the collector provides verification of the debt to the consumer.  15 U.S.C. § 1692g(b).

  Here, Plaintiff asserts that he sent letters to each of the Furnishing Defendants on December 12, 2020 asking each to verify the debts he disputed on his credit reports.  The Court liberally construes Plaintiff's complaint as asserting that each of the Furnishing Defendants acted as a debt collector under the FDCPA.  However, Plaintiff has not alleged whether and when he received written notice from each of these Defendants under 15 U.S.C. § 1692g(a).  This notice begins the clock within which Plaintiff must dispute the validity of each debt.  Without allegations whether Defendants did not provide these notices—or, if they did, when—Plaintiff does not allege a colorable claim against the Furnishing Defendants.  Plaintiff's FDCPA claims against Capital One Bank USA N; Client Services, INC.; First Premier Bank; Assert Recovery Solutions, LLC; Ad Astra Recovery Services, INC.; Wells Fargo Bank; U.S. Auto Credit Purchasing Center, LLC; I.Q. Data International, INC.; TBOM/Total Card; KAPS & CO. USA, LLC; I.C. System, INC.; Aargon Agency, INC.; and Portfolio Recovery Associates, LLC are thus dismissed without prejudice.

  **C.**  ***Truth in Lending Act.***

  "As a comprehensive consumer protection statute, TILA seeks to protect consumers by requiring certain disclosures to consumers for certain types of loans."  *Amonette v. IndyMac*

*Bank, F.S.B.*, 515 F. Supp. 2d 1176, 1181 (D. Haw. 2007).  TILA seeks "to protect consumers' choice through full disclosure and to guard against the divergent and at times fraudulent practices stemming from uninformed use of credit."  *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986) (citing *Mourning v. Family Publ'ns Serv., Inc.*, 411 U.S. 356, 363–64 (1973)).  Under TILA, a borrower may rescind certain loans for up to three years after the parties consummate the transaction.  *See Fareed Sepehry-Fard v. U.S. Bank National Ass'n*, No. 18-cv-03885-BLF, 2018 WL 5099287 at *2 (N.D. Cal. Aug. 7, 2018) (citing *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 791 (2015)).  The borrower's right to rescind depends in part on whether the creditor has provided the TILA's required disclosures.  *See id.*; *see* 15 U.S.C.A. § 1638(a).  Actions brought under TILA for rescission have a three-year statute of limitations.  *See Fareed Sepehry-Fard*, 2018 WL 5099287, at *3.

Plaintiff asserts that Wells Fargo violated the TILA by failing to "explain to the plaintiff how the money he provided and used to open a secured credit card has hurt Wells Fargo in any way."  *Id.* at 12.  Plaintiff seems to assert that he has an account with Wells Fargo on which he does not owe any debts.  *See id.*  He claims that Wells Fargo's response to his debt validation letter did not disclose material facts and thus violated the Truth in Lending Act.  *See id.*  But Plaintiff has not explained that Wells Fargo failed to disclose any of the statutorily required material disclosures, only that it did not explain how Plaintiff has hurt Wells Fargo by opening an account.  Nor has he alleged the date on which he opened the account, which would impact the three-year statute of limitations under the TILA.  Because Plaintiff has not alleged that Wells Fargo violated the TILA, the Court dismisses this claim against Wells Fargo without prejudice.

### D.     *Privacy Act*

The Privacy Act provides a private cause of action against federal agencies for violating the Act's provisions.  *Doe v. Chao*, 540 U.S. 614, 618, (2004); 5 U.S.C. § 552a(g)(1).  The Privacy Act prohibits, with certain exceptions, the disclosure by an agency of "any record which is contained within a system of records" without the prior written consent of the individual to whom the record pertains.  5 U.S.C. § 552a(b).  Claims under the act must be brought within two years from the date on which the cause of action arises or after the plaintiff discovers that an

agency has misrepresented information.  5 U.S.C. § 52a(g)(5).  Credit reporting agencies are private businesses.  *See CFPB to Supervise Credit Reporting*, Consumer Financial Protection Bureau, https://www.consumerfinance.gov/about-us/newsroom/consumer-financial-protection-bureau-to-superivse-credit-reporting/ (July 16, 2012).

Plaintiff claims that First Premier violated the Privacy Act because they "sent plaintiff documents showing that they were invading plaintiff's privacy by getting his credit report without his permission." *Id.* at 9.  Plaintiff attaches an exhibit he believes proves that First Premier obtained his data without permission which shows Plaintiff's FICO score that First Premier obtained on July 15, 2016.  (ECF No. 1-4 at 105).  However, Plaintiff has not asserted his claim against any federal agency, but a private agency.  Nor does he allege that he did not authorize First Premier to obtain his credit score in 2016 or that First Premier misrepresented any information to toll the statute of limitations.  Plaintiff also could not amend his complaint to assert this claim against any of his listed Defendants because none of them—including the Credit Reporting Defendants—are government agencies.  However, because Plaintiff could potentially amend his complaint to add government agencies to the extent he believes he can state a claim, the Court dismisses his Privacy Act claim without prejudice.

### *E.     Freedom of Information Act*

To state a claim under the Freedom of Information Act (FOIA), a plaintiff must allege that: (1) he made a written request for the records, 5 U.S.C. § 552(a)(3)(A); (2) the requested records were created or obtained by a federal agency; and (3) the agency denied the request and any subsequent administrative appeal or failed to comply by providing the agency records within the twenty-day statutory time period.  *See in re Steele*, 799 F.2d 461, 465-66 (9th Cir. 1986); 5 U.S.C. § 552(a)(6)(C).  The twenty-day time period begins to run upon the agency's receipt of the request.  5 U.S.C. § 552(a)(6)(A)(i).

Here, Plaintiff asserts that TransUnion violated the Freedom of Information Act when it refused to provide him a copy of the November 19, 2020 phone call Plaintiff had with a TransUnion representative.  *See id.* at 4.  However, TransUnion is not a federal agency and is thus not bound by the disclosure requirements under FOIA.  None of the Defendants are.  However,

because Plaintiff could potentially amend his complaint to add federal agency defendants to the extent he believes he can state a claim, the Court dismisses his FOIA claim without prejudice.

### III. Motion to file audio file.

Plaintiff moves to file an audio file manually. (ECF No. 4). Because the Clerk's office has already received a copy of Plaintiff's flash drive containing this audio file, the Court denies Plaintiff's motion as moot. The Court directs Plaintiff to Local Rule IC 1-1(d), which provides that manual filings need only be accompanied by a notice, rather than a motion.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 6) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's Fair Credit Reporting Act claims will proceed against Defendants TransUnion, LLC; and Experian Information Solutions, INC as explained in this Order.

**IT IS FURTHER ORDERED** that:

- Plaintiff's Fair Credit Reporting Act claims are dismissed without prejudice as alleged against Defendant Equifax Information Services, LLC.
- Plaintiff's Fair Debt Collection Practices Act claims are dismissed without prejudice.
- Plaintiff's Privacy Act claim is dismissed without prejudice.
- Plaintiff's Freedom of Information Act claim is dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 6-1). The Clerk of Court is also kindly directed to issue summonses to Defendants: (1) TransUnion, LLC; and (2) Experian Information Solutions, LLC.

**IT IS FURTHER ORDERED** that Plaintiff shall have **90 days—until Wednesday, February 2, 2022**—within which to serve the Defendants against whom Plaintiff's claims are proceeding. Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that Plaintiff will have twenty-one days—until **Monday, November 29, 2021**[1]—to file an amended complaint to the extent he believes he can correct the noted deficiencies.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete.  This is because, generally, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

**IT IS FURTHER ORDERED** that from this point forward, Plaintiff shall serve upon Defendants, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court.  Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants.  The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file audio file (ECF No. 4) is **denied as moot**.

DATED: November 4, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] Because this deadline lands on a Court holiday, it is moved to the next business day.