UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Blanton Banks II,<br><br>  Plaintiff,<br><br>v.<br><br>Trans Union LLC, et al.,<br><br>  Defendants. | Case No. 2:21-cv-01580-APG-DJA<br><br>**Order** |

Before the Court is Plaintiff Blanton Banks' motion to amend (ECF No. 13) and Defendant Equifax Information Services' motion to extend the time to answer the complaint (ECF No. 14). Because a motion to amend is unnecessary under this Court's prior order, the Court denies Plaintiff's motion to amend as moot. Because Equifax has demonstrated good cause for its modest extension, the Court grants Equifax's motion to extend. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.   Discussion.**

  ***A.   The Court denies Plaintiff's motion to amend as moot.***

After the Court screened Plaintiff's complaint, it provided him a timeframe in which he could file an amended complaint to correct the deficiencies noted in the Court's screening order. (ECF No. 7 at 9). Plaintiff complied with this order, filing his amended complaint after seeking an extension. (ECF Nos. 11 and 12). Plaintiff then filed a motion to amend. (ECF No. 13). However, because the Court had already ordered Plaintiff to file an amended complaint, he did not need to move to file his amendment. The Court thus denies Plaintiff's motion to amend as moot.

### B. The Court grants Equifax's motion to extend.

Equifax moved for an extension to respond to Plaintiff's complaint. (ECF No. 14). Having been served on January 10, 2022, its deadline to respond under Federal Rule of Civil Procedure 12(a)(1)(A)(i) was January 31, 2022. (ECF No. 14 at 1); Fed. R. Civ. P. 12(a)(1)(A)(i). Equifax sought to extend this deadline by thirty days, to March 2, 2022. (ECF No. 14 at 2).

Plaintiff objected to the motion, arguing that the deadline to respond had already passed on January 17, 2022 and that extending the deadline would prejudice him.[1] (ECF No. 16 at 3). Both arguments fail. Equifax's deadline to respond was not January 17, 2022. Instead, that was the deadline set automatically for a response to Plaintiff's motion. However, because the Court had already ordered Plaintiff to file an amended complaint, he did not otherwise need to move to amend. By the same token, Equifax was not obligated to respond to Plaintiff's motion at all, let alone by January 17, 2022. Instead, because Equifax was served on January 10, 2022, its deadline to respond to Plaintiff's complaint was January 31, 2022.

Equifax has also shown good cause to extend this deadline. Although Plaintiff argues he will be prejudiced, he does not fully explain how this small extension would prejudice him, other than stating that the request somehow represents that counsel for Equifax has a "serious disregard for their client's interest and the court's docket." (ECF No. 16 at 3). The Court disagrees. Equifax explained that it needs a thirty-day extension to "investigate and respond to the allegations made by Plaintiff…[and] attempt[] to engage in good faith settlement negotiations prior to Equifax filing its responsive pleading." (ECF No. 14 at 2). These are viable reasons and

---

[1] Plaintiff makes additional arguments that are not relevant to the analysis here. Plaintiff's argument that Equifax was never served appears to rely on the fact that Equifax did not attach an affidavit to establish a date of service. (ECF No. 16 at 2). However, Federal Rule of Civil Procedure 11(b) binds parties and their counsel to truthfulness in papers filed with the Court. It is thus sufficient that Equifax included the date of service in its motion. Plaintiff's argument is without merit. Plaintiff also argues that he is unsure which counsel represents Equifax. (*Id.*). Equifax sufficiently addresses this argument by explaining that it retains both firms referenced by Plaintiff as local and national counsel. (ECF No. 18 at 2). The Court will thus not address this point further.

do not show any disregard for Equifax's interest or the Court's docket. Additionally, the extension Equifax requests is reasonable. The Court thus grants Equifax's motion to extend.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend (ECF No. 13) is **denied as moot.**

**IT IS FURTHER ORDERED** that Equifax's motion to extend (ECF No. 14) is **granted**. Equifax shall have until March 2, 2022 within which to respond to plaintiff's complaint.

DATED: February 2, 2022

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE