Jennifer L. Braster
Nevada Bar No. 9982
Benjamin B. Gordon
Nevada Bar No. 15552
NAYLOR & BRASTER
1050 Indigo Drive, Suite 200
Las Vegas, NV  89145
(T) (702) 420-7000
(F) (702) 420-7001
jbraster@nblawnv.com
bgordon@nblawnv.com

Paige Christie
*Admitted pro hac vice*
Jones Day
3161 Michelson Drive, Suite 800
Irvine, CA 92612
(949) 553-7541
pchristie@jonesday.com

*Attorneys for Defendant
Experian Information Solutions, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BLANTON BANKS, II, | Case No. 2:21-cv-01580-CDS-DJA |
| Plaintiff, | Hon. Cristina D. Silva |
| v. | **DEFENDANTS' JOINT MOTION FOR PROTECTIVE ORDER** |
| TRANS UNION LLC; EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS INC.; FIRST PREMIER BANK; US AUTO CREDIT PURCHASE; I.Q. DATA INTERNATIONAL INC.; AD ASTRA RECOVERY SERVICES INC.; WELLS FARGO BANK; KAPS & CO USA LLC; TBOM/TOTAL CARD; LC. SYSTEM INC.; ASSET RECOVERY SOLUTIONS LLC; AARGON AGENCY INC., | |
| Defendant. | |

## DEFENDANTS' JOINT MOTION FOR PROTECTIVE ORDER

Defendants Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax"), and Ad Astra Recovery Services, Inc, ("Ad Astra), through their respective attorneys of record, move for the entry of the following protective order to govern the production and use of confidential information in this matter:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants, and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action (the "Producing Party") may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Any party filing any document under seal must comply with the requirements of LR IA 10-5.

4. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" hereunder), shall not be used, directly or indirectly, by any person, including the

other Defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation for and trial of this action in accordance with the provisions of this Order.

5. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than:  (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; and (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure).

6. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature.  All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto.  No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

7. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

8. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation

of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

9. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party.

10. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order.

11. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

12. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

Dated: May 11, 2022

Respectfully submitted,

/s/ *Jennifer L. Braster*
Jennifer L. Braster
Nevada Bar No. 9982
NAYLOR & BRASTER
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
Telephone: (702) 420-7000
Facsimile: (702) 420-7001
jbraster@nblawnv.com
*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

/s/ *Mary E. Bacon*
Mary E. Bacon
Spencer Fane LLP
300 S Fourth Street, Suite 950
Las Vegas, NV 89101
702-408-3411
Fax: 702-408-3401
Email: mbacon@spencerfane.com
*Attorney for Defendant Ad Astra Recovery*
*Services, Inc.*

/s/ *Gia Marina*
Gia Marina
Clark Hill PLLC
3800 Howard Hughes Parkway
Suite 500
Las Vegas, NV 89169
Email: gmarina@clarkhill.com
*Attorney for Defendant Equifax Information*
*Services, LLC*

IT IS SO ORDERED.

Dated: _____, ____

/s/ _____
UNITED STATES MAGISTRATE JUDGE

- 5 -

# EXHIBIT A

# DECLARATION OF COMPLIANCE

*(Banks v. Trans Union, LLC, et al.*, Case No. 2:21-cv-01580-CDS-DJA*)*

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4  I have received a copy of the Stipulated Protective Order entered in this action on _____, 2022.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

/ / /

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action. I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this _____ day of _____, 2022 at _____.

_____
QUALIFIED PERSON