UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Blanton Banks, II, <br><br>　　　　　　Plaintiff <br><br>　v. <br><br>TransUnion, LLC, et al., <br><br>　　　　　　Defendants | Case No. 2:21-cv-01580-CDS-DJA <br><br>**Order Ruling on Defendants' Motions to Dismiss** <br><br>[ECF Nos. 63, 75, 97] |

　　　　Pro se plaintiff Blanton Banks, II brings this action against more than a dozen defendants, alleging that they violated the Fair Credit Reporting Act (FCRA) and the Fair Debt Collection Practices Act (FDCPA) when they inadequately responded to his complaints about disputed charges on his credit reports. Three of the defendants—TransUnion, LLC; First Premier Bank; and I.C. System, Inc.—move to dismiss. Banks opposes two of the motions but failed to respond to the third. For the reasons set forth herein, I grant in part and deny in part the dismissal motions of TransUnion and I.C. System, and I grant First Premier Bank's motion to dismiss in its entirety because Banks failed to oppose it.

I.　　Relevant procedural history

　　　　Plaintiff filed a complaint and an application to proceed in forma pauperis (IFP) on August 26, 2021. ECF No. 1. Following screening of the application and complaint, Magistrate Judge Daniel J. Albregts granted plaintiff's IFP application and issued an order allowing the claims against TransUnion and Experian Information System Solutions, Inc. to proceed. *See* ECF No. 7. That order also dismissed without prejudice plaintiff's FCRA claims against Equifax Information Services, LLC; Fair Debt Collection Practices Act claims; Privacy Act claim; and Freedom of Information Act claim. *Id.*

Plaintiff filed an amended complaint on December 29, 2021, against defendants Aaron Agency, Inc.; Ad Astra Recovery Solutions, LLC; Equifax Information Services, LLC; Experian Information Solutions, Inc.; First Premier Bank; I.C. System, Inc.; I.Q. Data International, Inc.; Kaps & Co. USA, LLC; TBOM/Total Card; TransUnion, LLC; US Auto Credit Purchase; and Wells Fargo Bank. ECF No. 12. On February 24, 2022, defendant Ad Astra filed a motion to dismiss, or in the alternative, a motion to stay proceedings and to compel arbitration. ECF No. 25. Equifax filed a motion for judgment on the pleadings. ECF No. 27. Plaintiff opposed both motions. ECF No. 31 (response to Ad Astra's motion); 34 (response to Equifax's motion).

On May 25, 2022, the Clerk of Court provided plaintiff with notice of intent to dismiss without prejudice the complaint against defendants Aargon Agency, Inc.; Asset Recovery Solutions, LLC; I.C. System, Inc.; TBOM/Total Card; TransUnion, LLC; Kaps & Co. USA, LLC; First Premier Bank; U.S. Auto Credit Purchase; I.Q. Data International, Inc.; and Wells Fargo Bank. ECF No. 57. That notice explained that those defendants would be dismissed by June 24, 2022, because no proof of service was filed within the time allowed by Rule 4(m) of the Federal Rules of Civil Procedure. *Id.* Plaintiff filed a response to the notice of intent, asserting that he "served a copy of his First[-]Amended Complaint concurrently with a copy of his Motion for Leave to Amend his Original Complaint dated December 29, 2021, on the following Defendants[1] below, through their listed respective Registered Agent and/or attorney, via U.S. Postal Mail on January 1, 2022[,] in twelve (12) large envelopes, one to each defendant, with each envelope having a total weight ranging between 4.30 and 4.40 ounces." ECF No. 60 at 1.

I held a hearing on Ad Astra's and Equifax's motions, and several more pending motions,[2] on June 28, 2022. ECF No. 80. For the reasons set forth on the record during that hearing, I

---

[1] Plaintiff alleged that he served the ten defendants named in the notice, along with Ad Astra Recovery Service, Inc. and Experian Information Solutions, Inc. ECF No. 60 at 1–2.

[2] I also addressed plaintiff's motions to strike (ECF Nos. 24, 29), defendants' joint motion for a protective order (ECF No. 51/52), and plaintiff's motion for entry of clerk's default (ECF No. 61). The first motion to strike (ECF No. 24) was denied as moot, the second motion to strike (ECF No. 29) was denied without prejudice, and plaintiff's motion for entry of clerk's default (ECF No. 61) was denied.

denied Ad Astra's motion to dismiss without prejudice and granted its motion to stay the case and compel arbitration (ECF No. 25), and I granted Equifax's motion for judgment on the pleadings (ECF No. 27).

On the same day that I set the aforementioned motions for hearing, TransUnion filed a motion to dismiss the complaint (ECF No. 63), which plaintiff opposes (ECF No. 79). The day before the June 28, 2022, hearing, First Premier filed a motion to dismiss the amended complaint (ECF No. 75), to which plaintiff did not file an opposition . And on September 26, 2022, I.C. System, Inc. (ICS) filed a motion to dismiss (ECF No. 97), which plaintiff opposes (ECF No. 99).

## II.     The parties' arguments

TransUnion argues that I should dismiss the amended complaint (FAC) for two reasons. ECF No. 63. First, it contends that the FAC should be dismissed under Federal Rule of Civil Procedure 12(b)(5) because TransUnion was never properly served and because it received only an unfiled copy of plaintiff's first-amended complaint, so service was therefore insufficient. *Id.* at 2. Second, it argues that this action should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted. *Id.* at 2–3. Specifically, TransUnion argues that plaintiff's FAC fails to (1) satisfy the federal minimum pleading standards of Fed. R. Civ. P. 8; (2) plausibly plead an inaccuracy as required under the FCRA; (3) sufficiently allege a claim under 15 U.S.C. § 1681g; and (4) allege that plaintiff, as opposed to a credit repair clinic, "directly" notified the consumer reporting agency (CRA) defendants of a dispute regarding information on his various credit files. *Id.* at 3. As points and authorities in support of their motion to dismiss, TransUnion incorporates and adopts the arguments advanced by co-defendants Equifax and Experian. *Id.* Defendant First Premier makes similar arguments as TransUnion regarding insufficient service of process. ECF No. 75. It argues that no summons was issued by the court, nor was a summons included when plaintiff purported to serve First Premier with process. *Id.* at 3 (citing McMahon Decl. at ¶ 3)). Second, it argues that plaintiff's attempt to effectuate service by mail was deficient. *Id.* at 4.

3

1    Defendant I.C. System (ICS) seeks dismissal under Rules 12(b)(5) and 12(b)(6). ECF No. 97. Like First Premier, it argues that it was never properly served, *id.* at 3–4, and further that the FAC fails to allege sufficient factual information necessary to support a claim upon which relief can be granted. *Id.* at 4–7. ICS asserts that, as a threshold matter, the FAC does not allege any factual claims regarding when ICS contacted plaintiff, contending his assertions are inaccurate,[3] and further argues that plaintiff's failure to provide this basic information makes it impossible to determine whether plaintiff has stated a valid claim for relief under 15 U.S.C. § 1692g(a). *Id.* at 5. ICS argues that such basic information is needed because 15 U.S.C. § 1692e requires a collector to provide notice of certain information within five days of initial contact with plaintiff. 15 U.S.C. § 1692g(a). ICS further argues that plaintiff's claim under 15 U.S.C. § 1692g(b) fails for the same reason. *Id.* at 5–6. ICS further argues that plaintiff's claim for a violation of 15 U.S.C. §§ 1692e and 1692f also fail because §1692e requires a plaintiff to identify what false or misleading representations ICS made to plaintiff, which he has not done, and § 1692(f) requires that plaintiff show ICS engaged in unfair or unconscionable means to collect or attempt to collect a debt, which plaintiff has not pled. *Id.* at 7. Last, ICS argues that plaintiff's requests for declaratory and injunctive relief are improper and should also be dismissed. *Id.* at 8–9.

Plaintiff timely opposed the motions filed by TransUnion and ICS (ECF Nos. 79 (Resp. to TransUnion's mot.); 99 (Resp. to ICS's mot.)), but failed to respond to First Premier's motion. In his oppositions, plaintiff asks me to deny the motions to dismiss based on insufficient service of process. *See generally id.* Banks argues that he served all three defendants via mail. *See* ECF No. 79 at 2 (TransUnion was served with his original complaint via mail on January 10, 2022); ECF No. 99 at 2("Plaintiff . . . served a copy of the filed [c]omplaint to ICS via U.S. Postal Mail on or about January 1, 2022"). Plaintiff does not directly contest that he did not effectuate proper service upon TransUnion and ICS within the timeframe proscribed by Federal Rule of Civil

---

[3] In support of its argument, ICS attaches a letter showing that it sent plaintiff a letter, as required by § 1692g(a), on February 25, 2017. ECF No. 97 at 6.

4

Procedure 4(m), stating that the defendants were mailed copies of the complaint. *See* ECF Nos. 79 at 2–4 ("Plaintiff may not have properly served [d]efendant within the time frame set by Rule 4(m)" and "TransUnion was mailed the First Amended Complaint"); ECF No. 99 at 4 (Plaintiff "served a copy of the filed [c]omplaint to ICS via U.S. Postal Mail on or about January 1, 2022."). As relevant to this decision, Banks asserts that there is good cause for the delay and that he should be given more time to effectuate service. ECF Nos. 79 at 5–7; 99 at 5–8. He notes that he provided the information to the U.S. Marshals for service, but the record does not reflect an order directing such service. ECF Nos. 79 at 6–7; 99 at 6–7.

### III.     Applicable law

Federal Rule of Civil Procedure 12(b)(5) authorizes dismissal when there is insufficient service of process. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process . . . a court ordinarily may not exercise power over a party the complaint names as defendant.") (citations omitted). Service of process is a procedural requirement that must be met before this court may exercise personal jurisdiction over a defendant. *Strong v. Countrywide Home Loans, Inc.*, 700 Fed. App'x 664, 667 (9th Cir.2017) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). Service is to be provided under the law of the forum state.[4] *See* Fed. R. Civ. P. 4(e)(1). Ordinarily, service of a summons and complaint on a named party must occur within 90 days of the date a complaint is filed. *Id.* at 4(m). When service of process occurs within the United States, proof of service must be made to the court by the server's affidavit. Fed. R. Civ. P. 4(l)(1). A party may serve all other court "papers" via multiple delivery methods, including regular mail, personal delivery, and electronic means such as the court's electronic filing system. Fed. R. Civ. P. 5(a), (b). The Rules require a party to show proof of service for all other court documents through a "certificate of service." *Id.* at 5(d). District courts have broad discretion to either dismiss an action entirely for failure to

---

[4] The Nevada Rules of Civil Procedure provide that "[s]ervice upon the United States and its agencies, corporations, officers, or employees may be made as provided by Rule 4 of the Federal Rules of Civil Procedure." Nev. R. Civ. P. 4.3(5).

effectuate service or to quash the defective service and permit re-service. *See SHJ v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) ("the district court has discretion to dismiss an action or quash service").

Courts may consider evidence outside the pleadings, such as affidavits, depositions, and oral testimony, in resolving a Rule 12(b)(5) motion. *Fairbank v. Underwood*, 986 F.Supp.2d 1222, 1228 (D. Or. 2013). While "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint," neither "actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (internal quotation marks and citations omitted).

Service by mail is not permitted under Nevada or federal law. *Vaughn v. Nash*, 2018 WL 6055552, at *3 (D. Nev. Oct. 29, 2018); *Campbell v. Gasper*, 102 F.R.D. 159, 161 (D. Nev. May 18, 1984) (citation omitted) ('Service by mail, even if actually effected, does not constitute personal service.'). *See also* Fed. R. Civ. P. 4(e); Nev. R. Civ. P. 4.2. Where service of process is insufficient, the district court has discretion to dismiss the action or to quash service. *S.J. Issaquah Sch. Dist. No. 411*, 470 F.3d at 1293. However, "[d]ismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained." *Id.* (citation omitted). Finally, when opposing a Rule 12(b)(5) motion to dismiss, the plaintiff carries the burden of establishing the validity of service. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (reversing the district court's denial of motion to set aside judgment for inadequate service of process).

**IV.   Discussion**

"Service of process" is the legal term describing a formal delivery of documents giving the defendant notice of a pending lawsuit. *R. Griggs Group Ltd. v. Filanto Spa*, 920 F. Supp. 1100, 1103 (D. Nev. 1996) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988)). "Service of process is the means by which a court asserts jurisdiction over the person." *Neumont Univ., LLC v. Nickles*, 304 F.R.D. 594, 597 (D. Nev. 2015) (quoting *SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir.

2007)). "Defendants must be served . . . or there is no personal jurisdiction." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (citing *Beecher v. Wallace*, 381 F.2d 372 (9th Cir. 1967)).

The failure to timely serve under Rule 4(m) is not fatal, as the rule provides two avenues for relief from this service deadline. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). Relief is mandatory if the district court finds that the plaintiff establishes good cause for the extension requested. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Relief is within the court's discretion if good cause is not shown, but a plaintiff demonstrates excusable neglect. *Crowley v. Bannister*, 734 F.3d 967, 976 (citing *Lemoge*, 587 F.3d at 1198). Overall, the court has broad discretion to extend time to serve a complaint. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007).

In the Ninth Circuit, good cause "generally means: (a) service was attempted but not completed; (b) plaintiff was confused about the requirements of service; or (c) plaintiff was prevented from serving defendant by factors beyond plaintiff's control." *C.B. Fleet Co., Inc. v. Bowker*, 2013 WL 164271, at *2 (D. Nev. Jan. 14, 2013) (internal citations omitted). Excusable neglect "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 (1993), and includes "omissions caused by carelessness." *Id.* at 388.

    A. *First Premier's motion to dismiss is granted for plaintiff's failure to respond.*

First Premier filed its motion to dismiss on June 27, 2022. Local Rule 7-2(b) requires that "the deadline to file and serve any points and authorities in response to the motion is 14 days after service of the motion." LR 7-2(b). Subsection (d) of the same rule states that "[t]he failure of an opposing party to file points and authorities in response to any motion...constitutes a consent to the granting of the motion." LR 7-2(d).

Here, plaintiff failed to file an opposition to First Premier's motion. First Premier filed a status report on August 11, 2022, pointing out plaintiff's failure to respond. *See* ECF No. 85. The docket reflects that plaintiff properly served First Premier, and plaintiff does not contest this

fact. Accordingly, because Banks failed to respond to First Premier's motion, I grant First Premier's motion to dismiss under Federal Rule of Civil Procedure 12(b)(5).

### B. Good cause excuses Banks's failure to properly serve defendants TransUnion and ICS.

Having carefully considered the procedural history and docket in this case, I find good cause for plaintiff's failure to effectuate proper service upon TransUnion. Liberally construing Banks' opposition to TransUnion's motion to dismiss for deficient service liberally,[5] it appears that he believes he followed the proper steps to serve his original complaint, arguing that he provided the address of the defendants to the U.S. Marshals and that he "had no control over when service of process occurred." *See generally* ECF No. 79 at 6–7; ECF No. 99 at 6–7.

Federal Rule of Civil Procedure 4(c)(3) does permit that "the court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915," but that was not authorized here. The order granting plaintiff's IFP application stated: "The Clerk of Court is also kindly directed to issue summonses to Defendants: (1) TransUnion, LLC; and (2) Experian Information Solutions, LLC." ECF No. 7 at 8. The order furthers stated that **the plaintiff** "shall have 90 days . . . within which to serve the [d]efendants against whom [p]laintiff's claims are proceeding." *Id.* at 8 (citing Fed. R. Civ. P. 4(m)) (emphasis added). Thus, plaintiff was responsible for service of the summons.

But it is feasible that under a plain reading, it could suggest that the summons will issue and that the Marshals would take care of service. Plaintiff's oppositions to the motions suggest this was his understanding. Plaintiff also argues that "the record fails to show whether or not the Magistrate Judge ordered the Clerk of Court to order service by the U.S. Marshals Service on December 29, 2021. (*See* ECF No. 7, 11-12)." ECF No. 79 at 6. His observation is correct but must be read in conjunction with the remainder of the order that states plaintiff was responsible for effectuating service. The docket also reveals that plaintiff never filed a motion or request to have

---

[5] Pro se filings are to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

the U.S. Marshals serve the summonses in this action.[6] I find that error occurred because Banks was confused about the requirements of service. Moreover, while not consistent with service requirements under federal or Nevada law, I find that Banks made a good faith effort to serve TransUnion via mail. *See* ECF No. 79 at 2. I note that after the May 25, 2022, notice (ECF No. 57) from the clerk's office about deficient service, plaintiff should have inquired about the status of service, but failed to do so. I nonetheless decline to penalize plaintiff for the lack of service, and I find that there is good cause to extend the Rule 4(m) service deadline. Accordingly, the court will not conduct the second step of the Rule 4(m) analysis at this juncture.

Accordingly, I grant plaintiff's request for additional time to effectuate service. *See Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) (holding that a district court may, under the broad discretion granted by Fed. R. Civ. P. 4(m), extend time for service). I deny TransUnion's motion to dismiss under Federal Rule of Civil Procedure 12(b)(5). Plaintiff will have 60 days from the date of this order's filing to effectuate service upon TransUnion and ICS. I provide Banks with additional instructions on service below.

Alternatively, TransUnion and ICS may waive service of summons and of the amended complaint and exhibits by executing—or having counsel execute—a Waiver of Service of Summons. *See* Fed. R. Civ. P. 4(d). Such waiver must be filed with the court within 14 days of the issuance of this order. If these defendant(s) choose to execute the Waiver of Service of Summons, their answer or other appropriate response to the FAC (ECF No. 12) will be due within 60 days of service of process or waiver. *See* Fed. R. Civ. P. 12(a)(1)(A)(ii). Further, should defendants waive service, the court will issue an order directing the parties to attend a settlement conference before a magistrate judge.

---

[6] *Hayes v. Woodford*, 444 F. Supp. 2d 1127, 1136–37 (S.D. Cal. 2006) (courts may take judicial notice of their own records and other court proceedings if they directly relate to matters before the court); *Montantes v. Inventure Foods*, 2014 WL 3305578, at *2 C.D. Cal. July 2, 2014 (stating that courts "take judicial notice of proceedings in other courts … if those proceedings have a direct relation to matters at issue") (internal quotation marks omitted).

       C. *Plaintiff's request for additional time to serve defendants is granted, and the motions to dismiss filed by TransUnion and ICS under Fed. R. Civ. P. 12(b)(6) is denied in part and granted in part.*

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010).

When reviewing a Rule 12(b)(6) motion, the court is normally limited to the complaint itself. *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. Fed. R. Civ. P. 12(b); *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). However, a court may consider certain materials, that is "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Ritchie*, 342 F.3d at 908. Further, if documents are physically attached to the complaint, then a court may consider them if their "authenticity is not

contested" and if "the plaintiff's complaint necessarily relies on them." *Lee*, 250 F.3d at 688 (citation, internal quotations, and ellipsis omitted). Similarly, the court may consider certain documents that are incorporated by reference into the plaintiff's complaint if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (a court may consider "other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

A review of the docket reveals that Banks cites to numerous exhibits that were attached to his motion to amend his complaint. *See* Mot. to Amend, ECF No. 13. The FAC was docketed at ECF No. 12. Because the amended complaint was filed, an order was issued denying as moot the plaintiff's motion to amend. Through no fault of the plaintiff's, the order was silent as to the exhibits that accompanied the motion. It is clear that plaintiff believes the exhibits were docketed as part of his FAC.

On the other hand, defendants TransUnion and ICS understandably drafted their motions to dismiss as if the exhibits were not attached to the amended complaint because it is well established that an amended complaint supersedes the original complaint. *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). In fairness, without the exhibits, plaintiff's claims for relief under the FCRA (15 U.S.C. §1681 et seq.) and the FDCPA (15 U.S.C. § 1692 et seq.) are based on allegations alone. But the exhibits provide most of the information that defendants claim is lacking from the face of the complaint. I decline to penalize plaintiff for his misunderstanding regarding the exhibits and likewise decline to penalize the defendants for their understanding of the posture of this action. As a result, I deny TransUnion and ICS's motions to dismiss without prejudice as to the claims for relief related to the FCRA (15 U.S.C. §1681 et seq.) and the FDCPA (15 U.S.C. § 1692 et seq.)

However, the amended complaint also sets forth claims for relief under 42 U.S.C. § 1983. To state a claim for the violation of a constitutional right under that statute, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 does not create any independent substantive rights, but merely provides a vehicle by which individuals may vindicate "federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 270 (1994) (citation and internal quotation marks omitted); *see also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) (private entities are generally not liable under Section 1983 because they do not act under color of state law); *Apao v. Bank of N.Y.*, 324 F.3d 1091, 1093 (9th Cir. 2003) (the Fourteenth Amendment "shields citizens from unlawful governmental action, but does not affect conduct by private entities"). Stated otherwise, section 1983 does not create a private right of action. The operative complaint only alleges conduct by private entities and does not allege any conduct by a state actor. Accordingly, plaintiff's § 1983 claim is dismissed without leave to amend.

V.  Conclusion

For the reasons set forth above,

IT IS HEREBY ORDERED that the Clerk of Court re-file plaintiff's amended complaint (ECF No. 12) with all exhibits filed by plaintiff at ECF No. 13 within 3 days of this order. **The re-filed complaint with the exhibits will serve as the operative complaint.**

IT IS FURTHER ORDERED that defendant TransUnion's motion to dismiss **[ECF No. 63] is GRANTED IN PART and DENIED IN PART**. TransUnion may waive service of summons and of the amended complaint and exhibits by executing, or having counsel execute, a Waiver of Service of Summons. *See* Fed. R. Civ. P. 4(d). Such waiver must be filed with the court within 14 days of the issuance of this order. If TransUnion chooses to return the Waiver of Service of Summons, its answer or other appropriate response to the amended complaint (ECF No. 12, which will soon be re-docketed along with the intended exhibits) will be due within 60

days of the issuance of this order. *See* Fed. R. Civ. P. 12(a)(1)(A)(ii).

IT IS FURTHER ORDERED that defendant ICS's motion to dismiss **[ECF No. 97] is GRANTED IN PART and DENIED IN PART**. ICS may waive service of summons and of the amended complaint and exhibits by executing, or having counsel execute, a Waiver of Service of Summons. *See* Fed. R. Civ. P. 4(d). Such waiver must be filed with the court within 14 days of the issuance of this order. If ICS chooses to return the Waiver of Service of Summons, its answer or other appropriate response to the amended complaint (ECF No. 12, which will soon be re-docketed along with the intended exhibits) will be due within 60 days of the issuance of this order. *See* Fed. R. Civ. P. 12(a)(1)(A)(ii).

IT IS FURTHER ORDERED that defendant First Premier's motion to dismiss **[ECF No. 75] is GRANTED**.

IT IS FURTHER ORDERED THAT:

1. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security. The order granting leave to proceed in forma pauperis **does not** extend to the issuance and/or service of subpoenas at government expense. *See* ECF No. 7.

2. From this point forward, plaintiff shall serve upon defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to defendants or counsel for defendants. The court may disregard any paper received by a district judge or magistrate judge that has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk that fails to include a certificate of service.

DATED: December 14, 2022

_____
Cristina D. Silva
United States District Judge