**ALVERSON TAYLOR & SANDERS**
KURT R. BONDS, ESQ.
Nevada Bar #6228
NICHOLAS F. PSYK, ESQ.
Nevada Bar #15983
6605 Grand Montecito Parkway
Suite 200
Las Vegas, Nevada 89149
(702) 384-7000
efile@alversontaylor.com
*Attorneys for Defendant*
*I.C. System, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Blanton Banks, II, | Case No.: 2:21-cv-01580-CDS-DJA |
| Plaintiff, | **DEFENDANT I.C. SYSTEM, INC.'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| Trans Union, LLC, et al, | |
| Defendant. | |

COMES NOW, Defendant I.C. System, Inc. ("ICS"), and files this Motion For Summary Judgment as follows:

**INTRODUCTION**

1. Plaintiff filed suit on August 26, 2021, against numerous defendants, including ICS. Doc. 1. On November 4, 2021, the Court issued an order on Plaintiff's request to proceed in forma pauperis. Doc. 7. As part of this process, the Court screened the Complaint pursuant to 28 U.S.C. § 1915(e). *Id.* The court dismissed without prejudice the Plaintiff's FDCPA claims against a variety of defendants, including ICS. *Id.* at 5

2. On December 29, 2021, Plaintiff's First Amended Complaint (the "Complaint") was refiled by the clerk. Doc. 102. This Court had ordered that this refiled Complaint is the operative Complaint in this matter. Doc. 101. In this Complaint, Plaintiff alleges that ICS

failed to comply with several requirements of the FDCPA, mostly related to responding to a request for validation under section 1692g(b). Doc. 102 ¶¶ 63-64 Plaintiff's Complaint is not support by the evidence, which does not demonstrate any violations alleged therein.

3.  Below is ICS's Statement of Material Facts (the "SOF"). Attached to this Motion for Summary Judgment is ICS's evidence in support. See Exhibit A; Exhibit B; Exhibit C; Exhibit D. This evidence shows that any request for validation came long after the thirty (30) day window set forth in section 1692g(b) and shows that ICS had been reporting the debt as disputed since June 25, 2018, more than three years before Plaintiff commenced this lawsuit. Id. As a result, there is a no genuine issue of material fact as to the actions of ICS. For these reasons, as set forth below, this Court should grant ICS's Motion for Summary Judgment, and dismiss all claims against ICS with prejudice.

## STATEMENT OF MATERIAL FACTS

4.  An account for a debt owed by Plaintiff to Pms - Winter Garden was placed with ICS on February 22, 2017. Exhibit A ¶ 5; Exhibit B.

5.  ICS sent its initial notice to Plaintiff on February 24, 2017. Exhibit A ¶ 6; Exhibit B; Exhibit C at 2.

6.  The initial notice contained the notification of Plaintiff's rights to request validation of the debt pursuant to section 1692g of the FDCPA. Exhibit C at 2.

7.  The letter was not returned as undeliverable to ICS. Exhibit A ¶ 8; Exhibit B.

8.  ICS marked the debt as disputed for the purposes of credit reporting on June 25, 2018, in response to an electronic dispute received from a credit reporting agency. Exhibit A ¶ 9; Exhibit B at 11; see also Doc. 102-4 at 20 (show tradeline reported as disputed in October of 2020).

9.  ICS first received a written request for validation and dispute from Plaintiff on or around November 8, 2018. Exhibit A ¶ 10; Exhibit D at 2.

10. This was more than a year after ICS sent its initial notice. Exhibit C at 2; Exhibit D at 2.

11. ICS was not required to respond to this dispute letter. Exhibit A ¶¶ 11-13.

12.   On December 6, 2018, ICS sent a letter to Plaintiff providing validation of the debt. Exhibit A ¶ 14; Exhibit C at 6-15.

13.   The validation provided copies of several documents from the creditor, including a copy of the ledger for the account and a copy of the contract signed by Plaintiff. Exhibit A ¶ 14; Exhibit C at 6-15.

14.   On December 10, 2018, Plaintiff sent another dispute letter to ICS, demanding additional information beyond that provided and threatening to sue ICS for various alleged violations. Exhibit A ¶ 15; Exhibit D at 4.

15.   ICS did not respond to this letter. Exhibit A ¶ 16.

16.   ICS was not required to respond to this dispute letter. *Id.*

17.   After receipt of the December 10, 2018 dispute letter, ICS ceased make calls or sending letters on the account. Exhibit A ¶ 17; Exhibit B.

18.   ICS continued to credit report the debt as disputed. Exhibit A ¶ 18; Exhibit B.

19.   On or around November 24, 2022, ICS received another request for debt validation from Plaintiff. Exhibit A ¶ 19; Exhibit D at 6.

20.   The November 24, 2022 letter contained numerous false statements of law. Exhibit A ¶ 20; Exhibit D at 6

21.   ICS did not respond to this letter. Exhibit A ¶ 21.

22.   ICS was not required to respond to this dispute letter. *Id.*

23.   On or around February 3, 2021, ICS received yet another request for debt validation from Plaintiff. *Id.* ¶ 22; Exhibit D at

24.   ICS did not respond to this letter. *Id.* ¶ 24.

25.   ICS was not required to respond to this dispute letter. *Id.*

26.   Plaintiff commenced this suit on August 26, 2021. Doc. 1.

## ARGUMENTS AND AUTHORITIES

### A. Standard of Law

27.   A court renders summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is

1  no genuine issue of material fact and the moving party is entitled to judgment as a matter
2  of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The
3  moving party bears the burden of informing the district court of the basis for its belief that
4  there is an absence of a genuine issue for trial and of identifying those portions of the record
5  that demonstrate such absence. *Celotex*, 477 U.S. at 323. However, all evidence and
6  reasonable inferences made must be viewed in the light most favorable to the party
7  opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).
8  28.   Once the moving party has made an initial showing, the party opposing the motion
9  must come forward with competent summary judgment evidence of the existence of a
10 genuine fact issue. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
11 475 U.S. 574, 585 (1986). The party defending against the motion for summary judgment
12 cannot defeat the motion unless she provides specific facts that demonstrate a genuine issue
13 of material fact such that a reasonable jury might return a verdict in his favor. *Anderson v.*
14 *Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Mere assertions of a factual dispute
15 unsupported by probative evidence will not prevent summary judgment. *Id.* at 249–50.
16 Further, a court has no duty to search the record for evidence of a genuine issue. Fed. R.
17 Civ. P. 56(c)(1), (3).

18 **B. Plaintiff's FDCPA Claims Fail.**
19 29.   Plaintiff's FDCPA claims cannot survive summary judgment. Defendant is entitled
20 to summary judgment because Plaintiff lacks evidence to support his allegations, and
21 Defendant's evidence disproves Plaintiff's claims. Plaintiff cannot present sufficient
22 evidence necessary to support a showing of violations of the FDCPA. Notably, ICS had
23 already been reporting the disputed status of the debt to credit bureaus prior to the letter
24 disputing the debt referenced in Plaintiff's Complaint. Without sufficient evidence to the
25 contrary, a genuine issue of material fact is created, and Plaintiff's claims fail.
26 30.   Plaintiff claims that "[o]n or about December 12, 2020, plaintiff sent I.C. System . .
27 . a debt validation dispute letter via U.S. registered mail pertaining to an alleged debt
28 reporting on his credit report . . . ." Doc. 102 ¶ 63. Plaintiff claims that he never received a

response from ICS regarding this debt validation dispute letter. *Id.* Plaintiff then claims he "sent a second debt validation letter via certified mail on or about February 3, 2021" to ICS. *Id.* Plaintiff claims that ICS again failed to respond to this validation request. *Id.* Plaintiff then claims that Defendant violated section 1692g and 1692e of the FDCPA and "15 U.S.C. § 1681 *et seq* ['the FCRA']"[1] by failing to respond to validation request and by "continu[ing] to report the invalidated information on his Trans Union and Experian credit report." *Id.*

31. Plaintiff goes on to allege ICS violated the FDCPA by "failing to provide plaintiff written notice after initial communication within five (5) days pursuant to 15 U.S.C. § 1692g(a); b) failing to comply with the debt collection requirements regarding the use of false and misleading representations pursuant to 15 U.S.C. § 1692e; c) failing to report plaintiff's debt validation dispute as disputed to the credit reporting agencies as required pursuant to 15 U.S.C. § 1692e; and d) failing to use fair and conscionable means to collect or attempt to collect a debt, as required by 15 U.S.C. § 1692f."[2] Doc. 102 ¶ 63.

32. The elements required for establishing a violation of the FDCPA are (1) that the Plaintiff is a consumer under 15 U.S.C. § 1692(a)(3), or § 1692c(d); (2) the debt at issue is a consumer debt under 15 U.S.C. § 1692a(5); (3) defendant is a debt collector under 15 U.S.C. § 1692a(6); and (4) defendant has violated, through act or omission, some part of the FDCPA. *See, e.g., Gutierrez v. Wells Fargo Bank*, 08-CV-5586-SI, 2009 WL 322915 at *2 (N.D. Cal. Feb. 9, 2009).

33. The term "consumer" means "any natural person obligated or allegedly obligated to pay any debt," while "debt" means "any obligation or alleged obligation of a consumer to

---

[1] Plaintiff does not allege any specific violations under the FCRA against ICS, and only alleges FCRA claims against Trans Union, Equifax and Experian.

[2] In Plaintiff's Amended Complaint, the Third Claim for Relief and the Fourth Claim for Relief are both brought pursuant to the FDCPA, both involve the same defendants, and both involve the same alleged violations of the statutes. The only difference appears to be that Plaintiff alleges one was a willful violation and one was a negligent violation. However, the FDCPA does not distinguish between willful or negligent violations of the FDCPA. *See* 15 U.S.C. § 1692k.

pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a. Further, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another . . . ." *Id.* Lacking any of the essential elements of an FDCPA claim is fatal to the claim, as is a party moving for summary judgment showing that the non-moving party has failed to sufficiently establish an essential element to their case. *Gonzales v. Arrow Fin. Services LLC*, 489 F. Supp. 2d 1140 (S.D. Cal. 2007), *aff'd,* 660 F.3d 1055 (9th Cir. 2011).

    *i.*    *Plaintiff's Section 1692g Claims Fail.*

34.    There are numerous issues with Plaintiff's Complaint that warrant summary judgment in ICS' favor. As to Plaintiff's section 1692g(a) claim, the evidence demonstrates there is no issue as to when ICS first contacted Plaintiff. SOF ¶ 5. Section 1692g(a) requires a collector to provide notice of certain information within *five* days of initial contact with Plaintiff. 15 U.S.C. § 1692g(a) (emphasis added). Evidence shows that ICS first communicated with Plaintiff via a collections letter dated February 25, 2017. SOF ¶ 5; Exhibit C at 2. This letter included the validation language as required under section 1692g(b) as well. *Id.*

35.    Section 1692g(a) only require that a notice be 'sent' by a debt collector; they do not require that the debt collector establish actual receipt of the notice by the debtor. *Nogali v. Transcon Fin., Inc.*, No. EDCV 14-00206-VAP (DTBx), 2015 U.S. Dist. LEXIS 199748, at *34-35 (C.D. Cal. Aug. 12, 2015) (citing *Mahon v. Credit Bureau of Placer Cnty. Inc.*, 171 F.3d 1197, 1201 (9th Cir. 1999)). "To overcome the presumption of mailing and receipt, a debtor must prove 'by clear and convincing evidence that the mailing was not, in fact, accomplished.'" *Grant v. Unifund CCR Partners*, 842 F. Supp. 2d 1234, 1240 (C.D.

Cal. 2012) (quoting *In re Bucknum*, 951 F.2d 204, 207 (9th Cir. 1991)). Thus, in a motion for summary judgment, a debt collector may defeat a debtor's violation of section 1692g(a) claim with "testimony that a letter was sent and not returned as undeliverable." *Id.*; *see Mahon*, 171 F.3d at 1201. ICS has proven it mailed the letter and it was not returned as undeliverable. Thus, any claim under section 1692g(a) fails as a matter of law.

36.  Plaintiff's claims under section 1692g(b), and any claims related to the debt validation dispute letter fail on the same grounds. The evidence shows that several dispute letters were sent to ICS by Plaintiff, with dates ranging from November 8, 2018 through February 3, 2021. SOF ¶¶ 9-25. These same documents show ICS received these disputes long after the statutory-required compliance period under section 1692g. *Id.* ICS was not required to provide validation, as the dispute came more than thirty (30) days after the ICS mailed the written initial notice to Plaintiff. Thus, Plaintiff's section 1692g(b) claim fails as a matter of law as well. *Id.*

37.  Section 1692g(b) only requires a collector to respond to a validation request if the request is received "within the thirty-day period described in subsection [1692g(a)]." 15 U.S.C. § 1692g(b). "Sections 1692g(a) and 1692g(b) both establish that a consumer wishing to dispute a debt must do so within thirty days of receipt of initial communication." *Mayen v. New Penn Fin., LLC*, No. 17-CV-50 JLS (MDD), 2018 U.S. Dist. LEXIS 90219, at *14 (S.D. Cal. May 29, 2018). Moreover, a "tardy request for verification of the debt [does] not trigger any obligation on the part of the [debt collector] to verify the debt." *Mahon v. Credit Bureau, Inc.*, 171 F.3d 1197, 1203 (9th Cir. 1999); *see also Chavira v. United States Dep't of Educ.*, No. 1:19-cv-00538-DAD-SAB, 2022 U.S. Dist. LEXIS 67042, at *19 (E.D. Cal. Apr. 11, 2022) ("Accordingly, because there is no dispute of material fact that plaintiff did not make a written debt verification request within 30 days of receiving ICR's initial communication, ICR did not violate § 1692g.").

38.  Plaintiff was warned of this fact in the Court's Order that screened his original complaint, and still failed to allege sufficient facts to support this claim. Doc. 7 at 5 ("Without allegations whether Defendants did not provide these notices—or, if they did,

when—Plaintiff does not allege a colorable claim against the Furnishing Defendants."). Now, at summary judgment, he has no evidence to support a claim under section 1692g(b), as ICS' records definitively disprove this claim. SOF ¶¶ 5-25. The evidence shows that Plaintiff's first written request for validation to ICS was sent on or around November 8, 2018. SOF ¶ 9. This was more than a year after ICS mailed its initial written notice. SOF ¶ 5; Exhibit C at 2. Thus, Plaintiff's request for validation was untimely and had no effect under section 1692g of the FDCPA. Regardless of the request having no legal effect on ICS, ICS still responded and provided verification of the debt. SOF ¶¶ 12-13; Exhibit A ¶ 14; Exhibit C at 6-15.

39. Plaintiff's claim that ICS never sent the required information under section 1692g(a) is also inaccurate. ICS sent Plaintiff the letter required by 1692g(a) on February 25, 2017. Exhibit A ¶ 12; Exhibit B. Meanwhile, Plaintiff did not send a formal dispute notice until November 8, 2018—more than a year later. SOF ¶¶ 9-25. Therefore, any claim pursuant to section 1692g fails as a matter of law. ICS timely sent the required notice under section 1692g(a), and all of Plaintiff's requests for validation pursuant to section 1692g(b) were untimely. Regardless, ICS still provided verification as requested. SOF ¶¶ 12-13; Exhibit C at 6-15. As they were untimely, ICS had no responsibility or duty under the FDCPA to respond to the validation requests.

    *ii.   Plaintiffs 1692e Claims Fail.*

40. Plaintiff claims that ICS violated section 1692e by "failing to comply with the debt collection requirements regarding the use of false and misleading representations pursuant to 15 U.S.C. § 1692e." Doc. 102 at 15-16. However, Plaintiff fails to identify what false or misleading representations ICS made to Plaintiff. *Id.* In the case at bar, the issue is whether ICS communicated any credit information which it knew to be false. Simply put, the answer to this question is no. SOF ¶ 5; Exhibit A ¶ 9; Exhibit B at 11. The only allegations made by Plaintiff is that ICS failed to respond to a request for validation and continued reporting the debt. *Id.* at 13 There were no allegations of any false or misleading representations made to Plaintiff—in fact, Plaintiff alleges that ICS never communicated

with him at all, so it would be impossible for ICS to make misleading statements under Plaintiff's factual allegations. *Id.* Further, there is no evidence to support that ICS made any false or misleading statements.

41. To the extent that Plaintiff's vague allegations claim that ICS should have reported the debt as disputed, ICS has been reporting the debt as disputed since June 25, 2018. SOF ¶ 5; Exhibit A ¶ 9; Exhibit B at 11. ICS did so in response to an electronic dispute received via a consumer reporting agency. *Id.* This was more than three (3) years before Plaintiff filed this lawsuit. Therefore, the evidence establishes not only that ICS communicated the dispute to the credit reporting bureaus, but that ICS did so *prior to Plaintiff sending his written request for validation on or around December 12, 2020*. Plaintiff cannot present any evidence that shows that ICS did not mark the debt as disputed during its credit reporting, prior to and after receiving any dispute from Plaintiff in December of 2020. SOF ¶ 8; Exhibit A ¶ 9; Exhibit B at 11. In fact, Plaintiff's evidence shows that the debt was credit reporting as disputed in October of 2020. Doc. 102-4 at 20. Consequently, Plaintiff's section 1692e lacks any evidence and therefore the claim fails as a matter of law.

42. Furthermore, Plaintiff has failed to establish all the required elements of an FDCPA claim under section 1692e. To constitute a violation of the FDCPA, a false statement must be "material." *Afewerki v. Anaya L. Group*, 868 F.3d 771 (9th Cir. 2017). A materially false statement is one that the Ninth Circuit has found would cause the least sophisticated debtor to "suffer a disadvantage in charting a course of action in response to the collection effort." *Id.* (internal citations omitted). Similar to the case at hand, the court in *Afewerki* found that letter communications from the collections agency to a legal representative who found them to "be confusing and misleading" were not material to the point they would mislead the least sophisticated debtor. *Id.* at 940.

43. Without identifying the allegedly false or misleading representations at issue, Plaintiff's claim fails as a matter of law. If Plaintiff's claims relate to credit reporting, then Plaintiff cannot show they were materially false, as ICS properly reported the debt as disputed. For these reasons, Plaintiff's section 1692e claim fails as a matter of law.

       *iii.*    *Plaintiffs 1692f Claim Fails.*

44. Finally, Plaintiff's section 1692f claim fails for the same reason as Plaintiff's section 1692e claim. Plaintiff has failed to allege any facts or evidence showing that ICS engaged in any unfair or unconscionable means to collect or attempt to collect a debt. Doc. 102 at 15. Further, courts in the Ninth Circuit have recognized that a cause of action is deficient under § 1692f "if it does not identify any misconduct beyond which plaintiffs assert violate other provisions of the FDCPA." *Marshall v. CBE Grp., Inc.*, No. 2:16-cv-02406-GMN-NJK, 2018 U.S. Dist. LEXIS 55223, at *24 (D. Nev. Mar. 30, 2018) (quoting *Thomas v. Loomis-Therrien*, No. 5:14-cv-00979-CAS-JC, 2014 U.S. Dist. LEXIS 148999, 2014 WL 5335913, at *6 (C.D. Cal. Oct. 20, 2014)); *see Amina v. WMC Mortg. Corp.*, No. 10-cv-00165-JMS-KSC, 2011 U.S. Dist. LEXIS 52668, 2011 WL 1869835, at *16 (D. Haw. May 16, 2011) ("[A] plaintiff must base violations of §§ 1692e & 1692f on conduct other than that already identified in other sections of the FDCPA."); *Masuda v. Thomas Richards & Co.*, 759 F. Supp. 1456, 1461 n.10 (C.D. Cal. 1991) ("Congress employed general language to 'enable the courts, where appropriate, to proscribe . . . improper conduct which is not specifically addressed.") (citation omitted).

45. Courts in other Circuits have likewise recognized a "growing consensus . . . that a claim under § 1692f must be based on conduct either within the listed provisions, or be based on conduct which falls outside of those provisions, but which does not violate another provision of the FDCPA." *Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 878 (S.D. Tex. 2011) ("Section 1692 serves a backstop function, catching those 'unfair practices' which somehow manage to slip by §§ 1692d & 1692e."); *see also Vanhuss v. Kohn Law Firm S.C.*, 127 F. Supp. 3d 980, 990-91 (W.D. Wis. Sept. 1, 2015); *Strouse v. Enhanced Recovery Co.*, 956 F. Supp. 2d 627, 637 (E.D. Pa. 2013); *Stewart v. Bierman*, 859 F. Supp. 2d 754, 765 (D. Md. 2012); *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006). As Plaintiff's section 1692f claim is premised on the same conduct as Plaintiff's other FDCPA claims, it fails as a matter of law.

46. Even if the court were to consider the 1692f claims, Plaintiff still has failed to establish all the elements required of an FDCPA claim. These elements require a plaintiff show that (1) he is a consumer; (2) he has been the object of collection activity arising from a consumer debt; (3) ICS is a debt collector as defined by the FDCPA; and (4) ICS has engaged in an act or omission in violation of FDCPA requirements. *Miranda v. L. Off. of D. Scott Carruthers*, 1:10-CV-01487 OWW, 2011 WL 2037556 (E.D. Cal. May 23, 2011); *see Turner v. Cook*, 362 F.3rd 1219, 1227-28 (9th Cir. 2004). The evidence produced does not establish an actionable act or omission on part of ICS regarding any of the unfair collection practices set forth in § 1692f.

### C. Any conduct prior to August 26, 2020 cannot support a FDCPA claim.

47. The statute of limitations for a claim under the FDCPA is one year. Specifically, 15 U.S.C. § 1692k(d) states "[a]n action to enforce any liability created by this subchapter may be brought . . . within one year from the date on which the violation occurred." 15 U.S.C. § 1692k(d). It is important to note that the FDCPA specifically states the statute of limitations runs from the "date on which the violation occurred." *See Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir.1997) (holding that statute of limitations runs from the time of the purported violation); *Watkins v. Peterson Enterprises*, 57 F.Supp.2d 1102, 1106 (E.D.Wash. 1999) (citing *Naas*) ("The [FDCPA] limitations period runs from the date of the offending act.").

48. Plaintiff filed his first complaint in this action on August 26, 2021. Doc. 1. Thus, the longest the statute of limitations could reach back is August 26, 2020. The account was placed with ICS in 2017, and much of the conduct detail in this matter occurred prior to August 26, 2020. All of these facts cannot support a claim under the FDCPA, as they are premised on conduct occurring prior to August 26, 2020 that is barred by the statute of limitations. Thus, to the extend that the Court finds any colorable FDCPA claim, if it is premised on conduct occurring prior to August 26, 2020, then said claims are barred by the statute of limitations. For these reasons, ICS requests this Court dismiss with prejudice any claims premised on conduct occurring prior to August 26, 2020.

## CONCLUSION

49. This Court should grant summary judgment in favor of ICS and dismiss Plaintiff's claims in their entirety. A 1692g(a) claim requires evidence of when Plaintiff and Defendant first communicated, which Plaintiff has failed to provide. Also related under Section 1692g(b), ICS was not required to communicate with Plaintiff regarding tardy validation letters, and delivered the notice required for disputing debt to Plaintiff in a timely fashion long before receiving their letters. Plaintiff's Section 1692e claims fail on two grounds. First, Plaintiff did not make allegations of Defendant communicating false and misleading representations. Secondly, evidence shows that Defendant has in fact been properly reporting the debt at issue as disputed since 2018. Lastly, Plaintiff has failed to allege any facts showing that ICS engaged in any unfair or unconscionable means to collect or attempt to collect a debt. Therefore, their 1692f claim fails for the same conduct-based reasons their 1692e claims do. For these reasons, ICS respectfully requests that this Court grant ICS' Motion For Summary Judgment and dismiss all claims against ICS with prejudice.

DATED this 9th day of February, 2023.

ALVERSON TAYLOR & SANDERS

/s/ Kurt R. Bonds
KURT R. BONDS, ESQ.
Nevada Bar #6228
NICHOLAS F. PSYK, ESQ.
Nevada Bar #15983
6605 Grand Montecito Parkway
Suite 200
Las Vegas, Nevada 89149
(702) 384-7000
*Attorneys for Defendant*
*I.C. System, Inc.*

12

KB/27976
2:21-cv-01580-CDS-DJA

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of February 2023, I filed **DEFENDANT I.C. SYSTEM, INC.'S MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel:

Benjamin B. Gordon
bgordon@nblawnv.com
Jennifer L. Braster
jbraster@naylorandbrasterlaw.com
Naylor & Braster Attorneys at Law, PLLC
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
  and
Paige Christie
pchristie@jonesday.com
Jones Day
3161 Michelson Drive
Irvine, CA 92612
***Counsel for Experian***
***Information Solutions, Inc.***

Mary E. Bacon
mbacon@spencerfane.com
Spencer Fane LLP
300 S Fourth Street, Suite 950
Las Vegas, NV 89101
***Counsel for Ad Astra***
***Recovery Services Inc.***

Gia Marina
gmarina@clarkhill.com
Clark Hill
3800 Howard Hughes Parkway
Suite 500
Las Vegas, NV 89169
  and
Jennifer Rebecca Bergh
jrbrooks@seyfarth.com
Seyfarth Shaw LLP
700 Milam Street, Suite 1400
Houston, TX 77002-2812
***Counsel for Equifax***
***Information Services LLC***

Kurt R. Bonds
Nicholas F. Psyk
efile@alversontaylor.com
Alverson Taylor & Sanders
6605 Grand Montecito Parkway, Suite 200
Las Vegas, Nevada 89149
  and
Rachael Swernofsky
Quilling, Selander, Lownds, Winslett & Moser, P.C.
6900 N. Dallas Parkway, Suite 800
Plano, TX 75024
***Counsel for Defendant Trans Union LLC***

I hereby certify that I have sent the above and foregoing document to the following non-CM/ECF participants via Regular Mail:

Blanton Banks, II
bbanks24@protonmail.com
9599 W. Charleston Blvd., Unit 2151
Las Vegas, NV 98117
(510) 951-9505
***Pro Se Plaintiff***

_____
An Employee of
ALVERSON TAYLOR & SANDERS