# Exhibit D

11/8/2018
Blanton Leon Banks II
10130 Quilt Tree St, Las Vegas, NV, 89183
I C System
P.O. Box 64378, Saint Paul, MN, 55164
Re: Acct # 7107XXXX

To Whom It May Concern:

This letter is regarding account # 7107XXXX, which you claim I owe $603.00.
This is a formal notice that your claim is disputed.

I am requesting validation, made pursuant to the Fair Debt Collection Practices Act and the Fair Credit Reporting Act, along with the corresponding local state laws. Please note that I am requesting "validation"; that is competent evidence bearing my signature, showing that I have (or ever had) some contractual obligation to pay you.

Please also be aware that any negative mark found on my credit reports (including Experian, Transunion and Equifax) from your company or any company that you represent, for a debt that I don't owe, is a violation of the FCRA & FDCPA; therefore if you cannot validate the debt, you must request that all credit reporting agencies delete the entry.

Pending the outcome of my investigation of any evidence that you submit, you are instructed to take no action that could be detrimental to any of my credit reports.

Failure to respond within 30 days of receipt of this certified letter may result in small claims legal action against your company at my local venue. I would be seeking a minimum of $1,000 in damages per violation for:

- Defamation
- Negligent Enablement of Identity Fraud
- Violation of the Fair Debt Collection Practices Act (including but not limited to Section 807-8)
- Violation of the Fair Credit Reporting Act(including but not limited to Section 623-b)

Please Note: This notice is an attempt to correct your records, and any information received from you will be collected as evidence should any further action be necessary. This is a request for information only, and is not a statement, election, or waiver of status.

My contact information is as follows:

Blanton Leon Banks II
10130 Quilt Tree St, Las Vegas, NV, 89183
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

P.S. Please be aware that dependent upon your response, I may be detailing any potential issues with your company via an online public press release, including documentation of any potential small claims action. I am also including a copy of my complaint to the organizations below:

CC: Consumer Financial Protection Bureau
CC: Attorney General's Office
CC: Better Business Bureau

ICS 027

ICS 028

Blanton Banks II
10130 Quilt Tree St
Las Vegas, NV, 89183

CERTIFIED MAIL

7018 0680 0001 7931 9277

LAS VEGAS
NV 890
08 NOV '18
PM 5 L

IC System Inc.
P.O. Box 64378
Saint Paul, MN, 55164

55164-037878

U.S. POSTAGE PAID
FCM LETTER
LAS VEGAS, NV
89123
NOV 08, 18
AMOUNT
$5.45
R2303S104567-11





12/10/2018
Blanton Leon Banks II
10130 Quilt Tree St., Las Vegas, NV, 89183
I C System
P.O. Box 64378, Saint Paul, MN, 55164
Re: Acct # 7107XXXX

To Whom It May Concern:

This letter is in response to your recent claim regarding account # 7107XXXX, which you claim I owe $603.00.
Yet again, you have failed to provide me with a copy of any viable evidence, bearing my signature, showing the account is being reported accurately.

Be advised that the description of the procedure used to determine the accuracy and completeness of the information is hereby requested.

Additionally, please provide the name, address, and telephone number of each person who personally verified this alleged account, so that I can inquire about how they "verified" without providing any proof, bearing my signature.

As per the FTC opinion letter from Attorney John F. LeFevre, you should be aware that a printout of a bill or itemized document does not constitute verification.

I am again formally requesting a copy of any documents with your company, bearing my signature, showing that I have a legally binding contractual obligation to pay your company the alleged amount.

Be aware that I am making a final goodwill attempt to have you clear up this matter. The listed item is inaccurate and incomplete, and represents a very serious error in your reporting.

I am maintaining a careful record of my communications with you for the purpose of filing a complaint with the Consumer Financial Protection Bureau and the Attorney General's office, should you continue in your non-compliance of federal laws under the Fair Debt Collection Practices At, the Fair Credit Reporting Act, and the corresponding local state laws. I further remind you that you may be liable for your willful non-compliance.

Failure on your behalf to provide a copy of any alleged contract or other instrument bearing my signature may result in a small claims action against your company. I would be seeking a minimum of $1,000 in damages per violation for:

- Defamation
- Negligent Enablement of Identity Fraud
- Violation of the Fair Debt Collection Practices Act (including but not limited to Section 807-8)
- Violation of the Fair Credit Reporting Act(including but not limited to Section 623-b)

You will be required to appear in a court venue local to me, in order to formally defend yourself.
My contact information is as follows:

Blanton Leon Banks II
10130 Quilt Tree St, Las Vegas, NV, 89183
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
P.S. Please be aware that dependent upon your response, I may be detailing any potential issues with your company via an online public press release, including documentation of any potential small claims action.

CC: Consumer Financial Protection Bureau
CC: Attorney General's Office
CC: Better Business Bureau

ICS 029

Blanton Banks II
19130 Quilt Tree St.
Las Vegas, NV, 89183



U.S. POSTAGE PAID
FCM LETTER
LAS VEGAS, NV
89123
DEC 11, 18
AMOUNT
**$5.45**
55164-6378   R2304Y122518-11



7018 1830 0000 0139 0474

I C System
P.O. Box 64378
Saint Paul, MN, 55164

5516430378 B050

ICS 030

# REQUEST FOR DEBT VALIDATION

Registered Mail No. RF 138 194 670 US

Blanton Leon Banks II, Authorized Representative for
BLANTON LEON BANKS II xxx-xx-5169
10130 Quilt Tree St
Las Vegas, Nevada, 89183


I.C. SYSTEM, INC
P.O. BOX 64378
SAINT PAUL, MN, 55164

**Respondent**

November 24, 2020

RE: I.C. SYSTEM, INC REFERENCE NO. 710782XX


## REQUEST FOR DEBT VALIDATION PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT, 15 USC §1601, ET SEQ

Attention all concerned:

    This is a Request for Validation of Debt. Please take Notice that BLANTON LEON BANKS II xxx-xx-5169 is not refusing to pay, however, needs the information set forth in this request before he or his Authorized Representative can make an Offer to Settle this account. I would like to settle as soon as possible and I may have a counterclaim to setoff the purported balance. With that said, please answer the following questions related to this purported account and return them to me within Thirty (30) days (Plus Three (3) days for mailing) of receipt of this request, via the Authorized Representative named below. In the event you should need more time to answer and validate this purported debt, the undersigned will grant an additional Ten (10) days (Plus Three (3) days for mailing) predicated upon your written request for said extension being made prior to the expiration of the allotted time for answering.

1) Please provide your name, power of attorney pertaining to this above mention matter, occupation and title, phone number and mailing address.

2) Identify the source of funds in the account that xxxxx5169 is the subject matter of this Reference account No. 710782XX

3) Produce all records, reports and memoranda relating to the source of funds relating to this disputed account and list all other sources of information such as computer file names, names of databases or locations at which related information is located or accessible, and any identifiers to such information.

4) What was the account number of the account in which the funds were held prior to the opening of the account that is the subject matter of this demand for payment of account?

5) Who was the owner of each account or, list those individuals having signature rights to each account?

6) Identify the account that was debited when the purported account was created.

7) Who was the owner of each account, or list those individuals having signature rights to each account?

8) Identify the source of funds that created the purported account.

9) Did the funds for the purported account originate from another account or lending institution?

10) List the names and addresses of all lending institutions from which any funds were purportedly originated.

11) Please identify the account number from which the funds originated in order to create the purported account.

12) Admit, or in the alternative, provide evidence to the contrary that no other account was debited when the purported account was created.

13) In the event that you deny that no other account was debited when the purported account was opened or created, please identify the account that was debited by account number and/or any and all identifiers thereof and the name or names of the debited account's signer(s), holder(s) and/or owner(s), and explain how the funds for this account were originated.

14) In the event that you deny that no other account was debited when the purported account was opened or created, state the total balance of this debited account at the time the debit was made; and, list the names of the signer(s) on the account and the date the account was opened along with the opening balance.

15) Admit, or in the alternative, provide evidence to the contrary that BLANTON LEON BANKS II was the Depositor for the account that is the subject matter of this demand for payment of Reference No. 710782XX.

16) Please provide all documents and information, related in any way, to your implication or allegation that a loan was given to BLANTON LEON BANKS II.

17) Which employee of the bank, lending institution(s), financing company(ies) authorized the transactions?

18) If the loan origination system, software or other procedures were used in the opening of the purported account, please identify the system by name and/or identifier and describe how it works.

19) According to the alleged loan agreement, was the purported lender or financial institution(s) involved in the alleged loan to use their own money as adequate consideration to purchase the promissory note from the alleged borrower? **YES or NO**

20) According to the bookkeeping entries, did the purported lender or financial institution(s) involved in the alleged loan use their own money as adequate consideration to purchase the promissory note from the alleged borrower? **YES or NO**

21) According to the alleged loan agreement, was the purported lender or financial institution(s) involved in the alleged loan to accept anything of value from the alleged borrower that would be used to fund a check or similar instrument in approximately the amount of the alleged loan? **YES or NO**

22) According to the bookkeeping entries, did the purported lender or financial institution(s) involved in the alleged loan accept anything of value from the alleged borrower that would be used to fund a check or similar instrument in approximately the amount of the alleged loan? **YES or NO**

23) Was the intent of the purported loan agreement that the party that funded the loan should be repaid the money lent? **YES or NO**

24) Did the purported lender or financial institution(s) involved in the alleged loan follow Generally Accepted Accounting Principles (GAAP)? **YES or NO**

25) Were all material facts disclosed in the written agreement? **YES or NO**

26) What was the name and address of any bank auditor or certified public accountant involved with or having any relation to the accounting function regarding the purported account?

27) Identify the name of the records, system of accounting records or ledgers reflecting the transaction for the purported account.

28) Were any loan numbers and identifiers to any loan numbers assigned to the disputed account? **YES or NO**

ICS 033

29) If you answered **YES** to the above question, please list those account numbers and identifiers to those account numbers.

30) Explain how each account was created or originated.

31) Explain how the funds for each account were deposited and where they originated.

32) Was an account created with the purported loan amount then debited to fund the purported account?

33) Please explain your answer to the above question.

34) State the name and address of collector (assignee) of the disputed account.

35) What are the terms of assignment of the purported account? You may attach a facsimile, email or otherwise of any records relating to such terms.

36) Have any claims been made by any creditor or assignee regarding this account? **YES** or **NO**

37) Have any insurance or re-insurance claims been made by any creditor or assignee regarding this account? **YES** or **NO**

38) Has the purported balance of this account been used in any tax deduction claim? **YES** or **NO**

39) Please list the particular products or services sold by the collector (assignee) to the debtor and the dollar amount of each.

40) Please produce all records and tangible evidence relating to the questions herein and send them along with your response to the undersigned via the named Authorized Representative.

   Upon failure or refusal of collector to validate this collection action, demand for payment on Reference No. 710782XX, collector agrees to waive all claims against the debtor named herein and agrees to pay debtor for all costs and attorney fees involved in exhaustion of administrative remedies and/or defending this action.

   Please return these completed questions and attach all assignment or other transfer agreements that would establish your right to collect this debt. Your claim cannot be considered if ANY portion of this request for validation of debt is not completed and returned with the required documents. This is a request for validation made pursuant to the Fair Debt Collection Practices Act. If you do not respond as required by law and within the time granted, you will have stipulated that you have failed to state a claim and are stopped pursuant to, but not limited to 15 USC §1692(g) and You; I.C. SYSTEM,

ICS 034

INC, are giving permission for a lien to be filed against you, final damages to be calculated prior to lien and notice to you by claim of lien and invoice.

Further, per your refusal, failure or silence (default), this Validation of Debt Notice becomes the Security Agreement between the parties under commercial law.

**NOTE**: All response must be sent to the undersigned c/o the below named Authorized Representative. Service in any other matter will be deem defective on its face.

Without Prejudice, Under Reserve

_____
Blanton Leon Banks II,
Authorized Representative to
BLANTON LEON BANKS II xxx-xx-5169

Registered Mail No. RF 138 194 670 US

Blanton Banks II
10130 Quil Hi Tree St
Las Vegas, NV, 89183



1020   55184

U.S. POSTAGE PAID
FCM LETTER
LAS VEGAS, NV
89123
DEC 12, 20
AMOUNT
**$13.75**
R2305M147644-07

I.C. SYSTEM, INC
P.O. BOX 64378
SAINT PAUL, MN, 55164



UNITED STATES POSTAL SERVICE
**REGISTERED MAIL**™

RF 138 194 670 US

Label 200, August 2005    PSN 7690-03-000-9311

ICS 036

# REQUEST FOR DEBT VALIDATION

## FINAL NOTICE

Certified Mail No. 7020 1810 0001 4377 9923

Blanton Leon Banks II, Authorized Representative for
BLANTON LEON BANKS II xxx-xx-5169
10130 Quilt Tree St
Las Vegas, Nevada, 89183

I.C. SYSTEM, INC.
ATTN: KURT HEINBIGNER, Chief Financial Officer
P.O. BOX 64378
SAINT PAUL, MN, 55164

February 3, 2021

**RE: I.C. SYSTEM, INC. REFERENCE NO. 710782XX**

## REQUEST FOR DEBT VALIDATION PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT, 15 USC §1601, ET SEQ

## FINAL NOTICE

Attention KURT HEINBIGNER, Chief Financial Officer.

I sent a formal debt validation letter pursuant to 15 USC § 1692 et seq. to your company; I.C. SYSTEM, INC, via registered mail (**receipt no. RF 138 194 670 US**) on behalf of BLANTON LEON BANKS II xxx-xx-5169 on December 12, 2020. Upon checking the tracking number I noticed that you all received it on December 21, 2020.

I.C. SYSTEM has acquiesced in the matter by failing to respond within the 30 days allowed by law. In addition to this, you have failed to answer the deposed questions that were provided to you requesting that you **not** verify but, **validate this** alleged debt. (See attached original validation of debt letter)

Furthermore, according to the credit report pertaining to BLANTON LEON BANKS II xxx-xx-5169, it states that you are acting on behalf of another entity to pursue the attempt of collecting on this alleged debt. It is being requested that you provide a copy of your **IRS Form-2848** proving you have the right to collect the alleged debt for that entity.

I am also requesting that you provide a copy of the **Notice of Transfer** letter for the alleged debt you are attempting to collect on behalf of BLANTON LEON BANKS II xxx-xx-5169. Additionally, you still need to provide the answers to all of the deposed questions in the **original debt validation letter that** was sent to you; I.C. SYSTEM, INC., on December 12, 2020 that you failed to respond to. It has now been more than 40 days without a response from I.C. SYSTEM, INC. The original debt validation letter clearly states that if you fail to comply, your acquiescence will be accepted that you do not have a valid claim against BLANTON LEON BANKS II xxx-xx-5169 and that you; I.C. SYSTEM, INC agree to have a formal complaint with the Federal Trade Commission filed against you; I.C. SYSTEM, INC for your violation of the Fair Credit Report Act (FCRA, 15 USC § 1681 et seq.), the Fair Debt Collection Practices Act (15 USC 1692 et seq.)

It is hereby requested that you; I.C. SYSTEM, INC null and void this entire matter, with prejudice, and remove this from the report on behalf of BLANTON LEON BANKS II xxx-xx-5169. A formal complaint with the Federal Trade commission will be filed against your company for, but not limited to, non-compliance and willful negligence.

Regards,

Blanton Leon Banks II, Authorized Representative

CC: State of Nevada Attorney General
CC: U.S. Attorney General

# REQUEST FOR DEBT VALIDATION

Registered Mail No. RF 138 194 670 US

Blanton Leon Banks II, Authorized Representative for
BLANTON LEON BANKS II xxx-xx-5169
10130 Quilt Tree St
Las Vegas, Nevada, 89183


I.C. SYSTEM, INC
P.O. BOX 64378
SAINT PAUL, MN, 55164

**Respondent**

November 24, 2020

**RE: I.C. SYSTEM, INC REFERENCE NO. 710782XX**


## REQUEST FOR DEBT VALIDATION PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT, 15 USC §1601, ET SEQ

Attention all concerned:

    This is a Request for Validation of Debt. Please take Notice that BLANTON LEON BANKS II xxx-xx-5169 is not refusing to pay, however, needs the information set forth in this request before he or his Authorized Representative can make an Offer to Settle this account. I would like to settle as soon as possible and I may have a counterclaim to setoff the purported balance. With that said, please answer the following questions related to this purported account and return them to me within Thirty (30) days (Plus Three (3) days for mailing) of receipt of this request, via the Authorized Representative named below. In the event you should need more time to answer and validate this purported debt, the undersigned will grant an additional Ten (10) days (Plus Three (3) days for mailing) predicated upon your written request for said extension being made prior to the expiration of the allotted time for answering.

1) Please provide your name, power of attorney pertaining to this above mention matter, occupation and title, phone number and mailing address.

2) Identify the source of funds in the account that xxxxx5169 is the subject matter of this Reference account No. 710782XX

ICS 038

3) Produce all records, reports and memoranda relating to the source of funds relating to this disputed account and list all other sources of information such as computer file names, names of databases or locations at which related information is located or accessible, and any identifiers to such information.

4) What was the account number of the account in which the funds were held prior to the opening of the account that is the subject matter of this demand for payment of account?

5) Who was the owner of each account or, list those individuals having signature rights to each account?

6) Identify the account that was debited when the purported account was created.

7) Who was the owner of each account, or list those individuals having signature rights to each account?

8) Identify the source of funds that created the purported account.

9) Did the funds for the purported account originate from another account or lending institution?

10) List the names and addresses of all lending institutions from which any funds were purportedly originated.

11) Please identify the account number from which the funds originated in order to create the purported account.

12) Admit, or in the alternative, provide evidence to the contrary that no other account was debited when the purported account was created.

13) In the event that you deny that no other account was debited when the purported account was opened or created, please identify the account that was debited by account number and/or any and all identifiers thereof and the name or names of the debited account's signer(s), holder(s) and/or owner(s), and explain how the funds for this account were originated.

14) In the event that you deny that no other account was debited when the purported account was opened or created, state the total balance of this debited account at the time the debit was made; and, list the names of the signer(s) on the account and the date the account was opened along with the opening balance.

15) Admit, or in the alternative, provide evidence to the contrary that BLANTON LEON BANKS II was the Depositor for the account that is the subject matter of this demand for payment of Reference No. 710782XX.

16) Please provide all documents and information, related in any way, to your implication or allegation that a loan was given to BLANTON LEON BANKS II.

17) Which employee of the bank, lending institution(s), financing company(ies) authorized the transactions?

18) If the loan origination system, software or other procedures were used in the opening of the purported account, please identify the system by name and/or identifier and describe how it works.

19) According to the alleged loan agreement, was the purported lender or financial institution(s) involved in the alleged loan to use their own money as adequate consideration to purchase the promissory note from the alleged borrower? **YES** or **NO**

20) According to the bookkeeping entries, did the purported lender or financial institution(s) involved in the alleged loan use their own money as adequate consideration to purchase the promissory note from the alleged borrower? **YES** or **NO**

21) According to the alleged loan agreement, was the purported lender or financial institution(s) involved in the alleged loan to accept anything of value from the alleged borrower that would be used to fund a check or similar instrument in approximately the amount of the alleged loan? **YES** or **NO**

22) According to the bookkeeping entries, did the purported lender or financial institution(s) involved in the alleged loan accept anything of value from the alleged borrower that would be used to fund a check or similar instrument in approximately the amount of the alleged loan? **YES** or **NO**

23) Was the intent of the purported loan agreement that the party that funded the loan should be repaid the money lent? **YES** or **NO**

24) Did the purported lender or financial institution(s) involved in the alleged loan follow Generally Accepted Accounting Principles (GAAP)? **YES** or **NO**

25) Were all material facts disclosed in the written agreement? **YES** or **NO**

26) What was the name and address of any bank auditor or certified public accountant involved with or having any relation to the accounting function regarding the purported account?

27) Identify the name of the records, system of accounting records or ledgers reflecting the transaction for the purported account.

28) Were any loan numbers and identifiers to any loan numbers assigned to the disputed account? **YES** or **NO**

ICS 040

29) If you answered **YES** to the above question, please list those account numbers and identifiers to those account numbers.

30) Explain how each account was created or originated.

31) Explain how the funds for each account were deposited and where they originated.

32) Was an account created with the purported loan amount then debited to fund the purported account?

33) Please explain your answer to the above question.

34) State the name and address of collector (assignee) of the disputed account.

35) What are the terms of assignment of the purported account? You may attach a facsimile, email or otherwise of any records relating to such terms.

36) Have any claims been made by any creditor or assignee regarding this account? **YES** or **NO**

37) Have any insurance or re-insurance claims been made by any creditor or assignee regarding this account? **YES** or **NO**

38) Has the purported balance of this account been used in any tax deduction claim? **YES** or **NO**

39) Please list the particular products or services sold by the collector (assignee) to the debtor and the dollar amount of each.

40) Please produce all records and tangible evidence relating to the questions herein and send them along with your response to the undersigned via the named Authorized Representative.

Upon failure or refusal of collector to validate this collection action, demand for payment on Reference No. 710782XX, collector agrees to waive all claims against the debtor named herein and agrees to pay debtor for all costs and attorney fees involved in exhaustion of administrative remedies and/or defending this action.

Please return these completed questions and attach all assignment or other transfer agreements that would establish your right to collect this debt. Your claim cannot be considered if ANY portion of this request for validation of debt is not completed and returned with the required documents. This is a request for validation made pursuant to the Fair Debt Collection Practices Act. If you do not respond as required by law and within the time granted, you will have stipulated that you have failed to state a claim and are stopped pursuant to, but not limited to 15 USC §1692(g) and You; I.C. SYSTEM,

ICS 041

INC, are giving permission for a lien to be filed against you, final damages to be calculated prior to lien and notice to you by claim of lien and invoice.

Further, per your refusal, failure or silence (default), this Validation of Debt Notice becomes the Security Agreement between the parties under commercial law.

**NOTE**: All response must be sent to the undersigned c/o the below named Authorized Representative. Service in any other matter will be deem defective on its face.

Without Prejudice, Under Reserve

Blanton Leon Banks II,
Authorized Representative to
BLANTON LEON BANKS II xxx-xx-5169

Registered Mail No. RF 138 194 670 US

ICS 042

Janton Leon Banks II
3130 Quilt Tree St
Las Vegas, NV, 89183



ICS 043

ATTN: KURT HEINBIGNER, CFO

I.C. SYSTEM INC
P.O. BOX 64378
SAINT PAUL, MN, 55164

55164-037878