1

2             **UNITED STATES DISTRICT COURT**

3                 **DISTRICT OF NEVADA**

4 Blanton Banks, II,                         Case No. 2:21-cv-01580-CDS-EJY

5              Plaintiff             **Omnibus Order Resolving Motions**

6     v.

7 TransUnion, LLC, et al.,              [ECF Nos. 119, 162, 163, 169, 170, 193]

8             Defendants

9

10        Pro se plaintiff Blanton Banks, II brings this action against more than a dozen

11 defendants,[1] alleging that they violated the Fair Credit Reporting Act (FCRA) and the Fair Debt

12 Collection Practices Act (FDCPA) when they inadequately responded to his complaints about

13 disputed charges on his credit reports. There are several motions now pending: (1) defendant

14 I.C. Systems Inc.'s motion for summary judgment, (2) defendant U.S. Auto Credit Purchase's

15 motion to dismiss; (3) defendant I.Q. Date International Inc.'s motion to dismiss; (4) Banks'

16 motion to strike TransUnion's answer to the amended complaint; and (5) Banks' motion for

17 entry of clerk's default. The motions are fully briefed.

18        For the reasons set forth herein, I grant ICS's motion for summary judgment (ECF No.

19 119), grant U.S. Auto's motion to dismiss (ECF No. 162) without leave to amend, grant I.Q.

20 Data's motion to dismiss for failing to state a claim (ECF No. 163) with leave to amend, and

21 grant Banks' motion to strike TransUnion's affirmative defenses, but deny his request to strike

22 the answer (ECF No. 169). Finally, Banks' motion for default judgment (ECF No. 170) is denied

23 as procedurally defective.

24

25 ―――――――――――――――

26 [1] Several defendants have since been dismissed from this action. *See* ECF Nos. 101 (dismissing First Premier Bank); ECF No. 143 (joint dismissal of defendants Equifax Information Services LLC and Experian Information Solutions Inc.); ECF No. 145 (order granting stipulated dismissal of Ad Astra Recovery Services, Inc.).

**I.       Procedural history**

Banks filed a complaint and an application to proceed *in forma pauperis* (IFP) on August 26, 2021. ECF No. 1. Following screening of the application and complaint, Magistrate Judge Daniel J. Albregts granted Banks' IFP application and issued an order allowing the claims against TransUnion and Experian Information System Solutions, Inc. to proceed. *See* ECF No. 7. That order also dismissed without prejudice Banks' FCRA claims against Equifax Information Services, LLC; FDCPA claims; Privacy Act claim; and Freedom of Information Act claim. *Id.*

Banks filed an amended complaint on December 29, 2021, against defendants Aargon Agency, Inc.; Asset Recovery Solutions LLC, Ad Astra Recovery Services Inc.; Equifax Information Services, LLC; Experian Information Solutions, Inc.; First Premier Bank; I.C. System, Inc.; I.Q. Data International, Inc.; Kaps & Co. USA, LLC; TBOM/Total Card; TransUnion, LLC; U.S. Auto Credit Purchasing Center, LLC; and Wells Fargo Bank. ECF No. 12.

On February 24, 2022, defendant Ad Astra filed a motion to dismiss, or in the alternative, a motion to stay proceedings and to compel arbitration. ECF No. 25. Banks filed an opposition to this motion. ECF No. 31.

On March 1, 2022, Banks filed a motion to strike Experian's answer to his amended complaint (ECF No. 29), which Experian opposed. ECF No. 30.

On March 2, 2022, Experian and Equifax filed a joint motion for judgment on the pleadings. ECF No. 27. Banks opposed. ECF No. 34.

On May 25, 2022, the Clerk of Court provided Banks with notice of intent to dismiss without prejudice the complaint against defendants Aargon Agency, Inc.; Asset Recovery Solutions, LLC; I.C. System, Inc.; TBOM/Total Card; TransUnion, LLC; Kaps & Co. USA, LLC; First Premier Bank; U.S. Auto Credit Purchase; I.Q. Data International, Inc.; and Wells Fargo Bank. ECF No. 57. That notice explained that those defendants would be dismissed by June 24, 2022, because no proof of service was filed within the time allowed by Rule 4(m) of the Federal Rules of Civil Procedure. *Id.* Banks filed a response to the notice of intent, asserting that he

"served a copy of his First[-]Amended Complaint concurrently with a copy of his Motion for Leave to Amend his Original Complaint dated December 29, 2021, on the following Defendants[2] below, through their listed respective Registered Agent and/or attorney, via U.S. Postal Mail on January 1, 2022[,] in twelve (12) large envelopes, one to each defendant, with each envelope having a total weight ranging between 4.30 and 4.40 ounces." ECF No. 60 at 1.

Banks also filed a motion for entry of clerk's default against defendants TransUnion LLC, First Premier Bank, U.S. Auto Credit Purchase, I.Q. Data International Inc, Kaps & Co USA LLC, TBOM/Total Card Inc, I.C. System Inc, Asset Recovery Solutions LLC, and Aargon Agency Inc. on June 7, 2022. *See generally* ECF No. 61. Defendants First Premier, I.C. System, Inc., and TransUnion LLC filed an opposition to the motions. ECF Nos. 76 (First Premier); 77 (I.C. System and TransUnion).

Defendant TransUnion filed a motion to dismiss on June 14, 2022. ECF No. 63. Defendant First Premier Bank filed a motion to dismiss on June 27, 2022. ECF No. 75. Banks filed an opposition to TransUnion's motion on June 28, 2022. ECF No. 79. Banks did not file a response to First Premier's motion.

I held a hearing on June 28, 2022, during which I resolved several pending motions. Specifically, I denied as moot Banks' motion to strike the answer to the amended complaint (ECF No. 24), denied Ad Astra's motion to dismiss without prejudice but granted their motion to stay and to compel arbitration (ECF No. 25), granted Experian and Equifax's joint motion for judgment on the pleadings (ECF No. 27), denied Banks' motions to strike (ECF No. 29), denied Experian's, Equifax's, and Ad Astra's joint motion for a protective order (ECF Nos. 51, 52), and denied Banks' motion for entry of clerk's default (ECF No. 61). *See* Minutes, ECF No. 80.[3]

---

[2] Banks alleged that he served the ten defendants named in the notice, along with Ad Astra Recovery Service, Inc. and Experian Information Solutions, Inc. ECF No. 60 at 1–2.

[3] The court did not issue a written order resolving these motions. The transcript of the proceedings serves as the court's findings of fact and conclusions of law.

1  On December 14, 2022, I issued an order granting in part and denying in part
2  TransUnion's and I.C. System's motions to dismiss (ECF Nos. 63, 97) and granting First Premier
3  Bank's motion to dismiss in its entirety because Banks failed to oppose it (ECF No. 75). ECF No.
4  101.

5  On February 9, 2023, defendant I.C. Systems filed a motion for summary judgment (ECF
6  No. 119), which Banks opposes (ECF No. 126). Thereafter, defendants I.Q. Data International
7  Inc. and U.S. Auto Credit Purchase filed motions to dismiss. ECF Nos. 162; 163. Banks filed an
8  opposition to both motions. ECF Nos. 167 (response to I.Q. Data); 168 (response to U.S. Auto).

9  On August 21, 2023, Magistrate Judge Ferenbach issued an order granting defendants
10 U.S. Auto Credit Purchase, I.Q. Data International Inc., and TransUnion, LLC's motions to
11 extend time to file a response to the amended complaint. ECF No. 166. Therein, Judge Ferenbach
12 ordered Banks to file a corrected complaint amending his signature "without the disclaimer
13 'authorized representative' in his signature line." *Id.* at 2. The order explained why signing as an
14 alleged "authorized representative" is improper under the federal rules. *Id.* at 1–2. Banks was
15 ordered to file the corrected complaint on or before September 5, 2023. *Id.* at 2. The corrected
16 complaint was docketed on September 6, 2023. ECF No. 179.

17 On August 22, 2023, Banks filed a motion to strike TransUnion's answer to the amended
18 complaint. ECF No. 169. TransUnion filed an opposition to the motion on September 19, 2023.
19 ECF No. 183.[4]

20 On August 24, 2023, Banks filed a motion for entry of clerk's default against defendants
21 Aargon Agency Inc., Trans Union LLC, U.S. Auto Credit Purchase, and I.Q. Data International
22 Inc. ECF No. 170. Each defendant filed an opposition to the Banks default motion. ECF Nos. 171
23 (U.S. Auto); 175 (Aargon Agency); 181 (I.Q. Data); and 185 (TransUnion).

24

25

26 ─────────────────

[4] TransUnion filed a motion to extend time to file its oppositions to Banks' motions to strike and entry of clerk's default. ECF No. 176. Banks opposed the motion. ECF No. 182. I granted that motion nunc pro tunc and extended its time to respond to September 21, 2023. *See* ECF No. 188.

## II.    Discussion

I proceed the analysis as follows: I first resolve defendant I.C. System, Inc.'s motion for summary judgment (ECF No. 119). I then resolve defendants U.S. Auto Credit Purchase's and I.Q. Data International Inc.'s motions to dismiss (ECF Nos. 162, 163). Finally, I resolve Banks' motion to strike (ECF No. 169) and motion for default (ECF No. 170).

### A.    I.C. System's motion for summary judgment is granted.

#### 1.    *Legal standard*

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). At the summary-judgment stage, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed; the case must then proceed to the trier of fact. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex Corp.*, 477 U.S. at 323. "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial." *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018).

Where, as here, the nonmovant will have the burden of proof on an issue at trial, the moving party may discharge its burden of production by either (1) negating an essential element of the opposing party's claim or defense, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–60 (1970), or (2) showing that there is an absence of evidence to support the nonmoving party's case, *Celotex Corp.*, 477 U.S. at 325. Once this burden is met, the party opposing the motion must set forth, by

affidavit, or as otherwise provided under Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The party opposing summary judgment must support its assertion that a material fact is genuinely disputed by: (1) citing to materials in the record;(2) showing the moving party's materials are inadequate to establish an absence of genuine dispute, or (3) showing that the moving party lacks admissible evidence to support its factual position. *See* Fed. R. Civ. P. 56(c)(1)(A)–(B). The opposing party may also object to the material cited by the movant on the basis that it "cannot be presented in a form that would be admissible in evidence." *Id.* at (c)(2). But the opposing party must show more than the "mere existence of a scintilla of evidence"; rather, "there must be evidence on which the jury could reasonably find for the [opposing party]." *Anderson*, 477 U.S. at 252.

In considering a motion for summary judgment, the court construes the evidence in the light most favorable to the nonmoving party. *Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991); *T.W. Elec. Serv. Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987).

### 2.    *Summary of the parties' arguments and evidence.*

I.C. System, Inc. moves for summary judgment, arguing that Banks' FDCPA claim fails because: (1) he lacks evidence to support his allegations; (2) ICS complied with the requirements of § 1692g; (3) he fails to identify a "material" false statement, or the allegedly false or misleading statements made by ICS; and (4) he cannot produce admissible evidence to show that ICS engaged in any unfair or unconscionable means to collect or attempt to collect debt from him. *See generally* ICS's Mot. for Summ. J., ECF No. 119.

Specifically, ICS argues that Banks submitted his request for validation for the debt long after the 30-day window set forth in 15 U.S.C. § 1692g(b). ICS's initial notice was mailed to Banks on February 25, 2017. *See* 2/25/2017 Letter, Def.'s Ex. C, ECF No. 119-3 at 2. According to ICS, that letter was not returned undeliverable nor was there any other indication that it was not successfully delivered. *See* ECF No. 119 at 8 (citing Def.'s Ex. B, ECF No. 119-2). Thereafter, for credit reporting purposes, ICS marked the debt as disputed on **June 25, 2018**. *See* ICS

Account Notes, Def.'s Ex. B, ECF No. 119-2 at 11, 6/25/2018, Time stamp 11:23:00 AM (changing dispute flag from "no" to "yes"). On November 8, 2018, Banks sent ICS a written request for validation. *See* Def.'s Ex. A, ECF No. 119-1 at 2, ¶ 10 (citing Def.'s Ex. D, ECF No. 119-4 at 2.) This request was received more than a year after ICS first sent notice to Banks. ICS submits that while it was not required to respond to the untimely request for validation, they nonetheless sent Banks the documents validating the account on December 6, 2018. *See* 12/4/18 Letter with relevant account information, Def.'s Ex. C, ECF No. 119-3 at 4. Four days later, ICS received another letter demanding validation of the debt from Banks on December 10, 2018. *See* 12/10/2018 Letter from Banks, Def.'s Ex. D, ECF No. 119-4 at 4. Just short of two years later, Banks sent ICS another request for debt validation. *Id.* at 6–10 (November 24, 2020 letter).[5] ICS did not respond to this letter. ECF No. 119 at 3 (citing Def.'s Ex. A, ECF No. 119-1 at ¶ 21). On February 3, 2021, ICS received another debt validation request from Banks. *See* Def.'s Ex. D, ECF No. 119-4 at 12.

Banks filed an opposition to the motion, wherein he lodges complaints regarding ICS's failure to engage in discovery, and broadly argues that he has a "valid claim based on applicable consumer protection laws and federal regulations pursuant to the Fair Credit Report Act...." ECF No. 126 at 2–3. Banks also incorporates by reference his amended complaint[6] as well as his opposition to ICS's previously filed motion to dismiss, while contending that ICS mostly repeats the same arguments raised in its previously denied motion to dismiss. *Id.* Banks does not address ICS's central argument: that Banks' request for debt validation was untimely. Instead, Banks argues that granting ICS's motion would be contrary to public policy. *Id.* at 3. He further

---

[5] ICS's motion states November 24, 2022. The court construes this as a typographical error as the letter is dated November 24, 2020. *See* Def.'s Ex. D, ECF No. 119-4 at 6.

[6] The amended complaint referenced in this motion is docketed at ECF No. 102 (sealed). Banks was later directed to refile his complaint. The most recent filing became the operative complaint. Because Banks is pro se, I nonetheless consider the exhibits attached to the prior complaint as if attached to the "corrected" complaint (ECF No. 179) because ICS's motion was filed before Banks was directed to file the new complaint. *See* Order directing Banks to file a duplicative amended complaint correcting a signature issue on August 21, 2023 (ECF No. 166). Banks complied and refiled the complaint, but he did not include the exhibits. I hereby order that the exhibits filed at ECF No. 102 are incorporated into the refiled amended complaint at ECF No. 179.

challenges the nature of the relationship between himself and ICS, arguing that there is no proof of "valid contract" between them. *Id.* at 4. In reply, ICS maintains that it is entitled to summary judgment because Banks' request for validation occurred beyond the 30-day period required by section 1692(g) and argues that Banks failed to produce any evidence in support of his opposition to the summary judgment motion. *See generally*, ICS's Reply, ECF No. 133.

### 3.    *Analysis*

The evidence shows that ICS is entitled to summary judgment in its favor. Banks brings four claims for relief against ICS alleging violations of multiple sections of the Federal Debt Credit Protect Act (15 U.SC. § 1692, *et seq.*). Am. Compl., ECF No. 179 at 15–18 (citing 15 U.S.C. §§ 1692(a), 1692e, 1692f, 1692k). But Banks only brings allegations in support of his claims, which are insufficient to survive summary judgment.

### a.    *Banks' section 1692g claim fails as a matter of law.*

Title 15, United States Code, Section 1692g(a) requires that, within five days after initial communications with a consumer regarding the collection of any debt, that a debt collector send the consumer a written notice containing: (1) the amount of debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer challenges within thirty days after receipt of the notice the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. The fourth and fifth requirements are at issue here.

Banks fails to provide contrary evidence showing that his request for debt validation fell within the required 30-day window. ICS's exhibit shows it sent Banks an initial notice of the debt on February 25, 2017, but Banks did not send his first request for debt validation until November 8, 2018. *See* Def.'s Ex. A, ECF No. 119-1 and Def.'s Ex. D, ECF No. 119-4 at 2. That was over a year from Banks' own exhibit attached to the amended complaint (ECF No. 102), showing his first request for debt validation was in 2020—almost three years later. ECF No. 102-13 at 18 (letter dated November 2020). Thus, Banks' section 1692g(a) fails as a matter of law.

> b.    *Banks' section 1692e claim fails as a matter of law.*

Section 1692e provides that a debt collector may not use any false, deceptive, or misleading representation or means to collect any debt. *See* 15 U.S.C. § 1692e. A debt collector violates this rule if it threatens to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. § 1692(e)(5); *Eckenrode v. Rubin & Yates, LLC*, 2014 WL 4092266, at *4 (D. Nev. July 28, 2014), *report and recommendation adopted*, 2014 WL 4072002 (D. Nev. Aug. 15, 2014). Banks only alleges that ICS failed to comply with the debt collection requirements by using false and misleading representations, but fails to provide this court with any information, much less evidence, regarding the alleged representations. Banks also fails to demonstrate that ICS threatened to take any action against him. Thus, there is only the mere summary allegation that ICS violated section 1692e: this is wholly insufficient to survive summary judgment. *See Nat'l Steel Corp. v. Golden Eagle Ins. Co.*, 121 F.3d 496, 502 (9th Cir. 1997) ("Conclusory allegations . . . without factual support, are insufficient to defeat summary judgment.").

> c.    *Banks' section 1692f claim fails as a matter of law.*

Banks' allegation that ICS violated Section 1692f fails for the same reason. That section prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Whether conduct violates this Section is determined under the least sophisticated consumer standard. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010). Claims must suffice a materiality requirement as a "corollary" to the least

sophisticated debtor standard. *Id.* at 1034. Section 1692f specifies eight acts that are deemed to be unfair or unconscionable:

> (1) collection of an amount that is not expressly authorized; (2) acceptance of a payment instrument postdated by more than five days in certain circumstances; (3) solicitation of a postdated payment instrument for the purpose of threatening or instituting criminal prosecution; (4) depositing or threatening to deposit any postdated payment instrument prior to its indicated date; (5) "causing charges to be made to any person for communications by concealment of the true purpose of the communication"; (6) "taking or threatening to take any nonjudicial action to effect dispossession or disablement of property" under certain circumstances; (7) communicating about a debt by postcard; (8) using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

*See* 15 U.S.C. § 1692f(1)–(8).

Banks does not allege that ICS engaged in any one of the above-listed acts. *See* Am. Compl., ECF No. 179 at 15–18. Instead, he generically alleges that ICS failed to "use fair and conscionable means to collect or attempt to collect a debt" without providing evidence to support this allegation. *Id.* at 17. This is insufficient. *National Steel Corp.*, 121 F.3d at 502; *see also Moralez v. Wal-Mart Stores Inc.*, 2018 WL 5458767, at *2 (N.D. Cal. Oct. 28, 2018) (plaintiff's conclusory assertions are insufficient to carry her burden on summary judgment.). There is no evidence that ICS violated the FDCPA provisions set forth in the amended complaint. Accordingly, ICS's motion to summary judgment is granted.

## B.  U.S. Auto Credit's motion to dismiss is granted.

### 1.  *Legal standard*

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Under Rule 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss, the court accepts all allegations of material fact as true and construes the pleadings in the light most favorable to the non-movant. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555–57. However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Finally, dismissal can be "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

Pro se pleadings are to be liberally construed. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). If after consideration of the complaint it is determined that amendment would be futile, no leave to amend needs to be given. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

When reviewing a Rule 12(b)(6) motion, the court is normally limited to the complaint itself. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. Fed. R. Civ. P. 12(b); *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). However, a court may consider certain materials, that is "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Ritchie*, 342 F.3d at 908. Further, if documents are physically attached to the complaint, then a court may consider them if their "authenticity is not

contested" and if "the plaintiff's complaint necessarily relies on them." *Lee*, 250 F.3d at 688 (citation, internal quotations, and ellipsis omitted). Similarly, the court may consider certain documents that are incorporated by reference into the plaintiff's complaint if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (a court may consider "other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

*a.*      *Summary of the parties' arguments*

U.S. Auto argues that the court should dismiss the FDCPA claim against them as it is not a debt collector as defined by 15 U.S.C. § 1692. U.S. Auto contends that it is in the business of financing auto purchases, not debt collection. ECF No. 162 at 3. It further contends that it purchased Banks' car loan, making them a creditor not a debt collector. *Id.* As a result, U.S. Auto therefore moves for dismissal with prejudice, arguing the deficiency in the amended complaint cannot be cured. *Id.*

Banks opposes the motion, asserting that in its regular course of business, U.S. Auto "purchases alleged debts in bulk[,]" then attempts to collect on those alleged debts, making them a debt collector. *See* ECF No. 168 at 2 (citing Plf.'s Ex. A (screenshot from U.S. Auto's homepage which states in part "Program options that allow for you to collect payments or for U.S. Auto Credit to collect payments")). Banks also cites to a copy of a letter from U.S. Auto dated January 3, 2018, notifying Banks that (1) his account was past due; (2) making a demand for payment; and (3) notifying him that it is willing to work with him to settle his obligation. *See* ECF No. 168 at 20. He further argues that U.S. Auto failed to verify and validate the alleged debt owed by him as required under the FDCPA. *Id.* at 8.

In reply, U.S. Auto reiterates that they are a creditor attempting to collect from Banks, but that this does not make it a debt collector, citing *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79 (2017). ECF No. 172 at 2. *Henson* held that "[a] company may collect debts that it purchased for its own account, like [respondent] did here, without triggering the statutory definition in dispute." 582 U.S. at 79. "By defining debt collectors to include those who regularly seek to collect debts 'owed ... another,' the statute's plain language seems to focus on third party collection agents regularly collecting for a debt owner—not on a debt owner seeking to collect debts for itself." *Id.*

    b.  *Analysis*

Applying *Henson*, U.S. Auto's motion to dismiss is granted. 15 U.S.C. § 1692a(6) defines the term "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the **principal purpose** of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6) (emphasis added). The complaint fails to provide any factual basis from which to plausibly infer that the principal purpose of U.S. Auto's business is debt collection. Rather, the information in the complaint, together with the evidence provided by defendant, shows that U.S. Auto purchased Banks' debt. *See* 8/10/2017 Letter advising Banks U.S. Auto purchased his account from AUTO CITY ORLANDO LLC, Def.'s Ex. A, ECF No. 162-1 at 1. The letter clearly states that U.S. Auto purchased Banks' outstanding debt and that none of the terms changed, making his payment amount and due dates the same. The letter demonstrates that U.S. Auto is a debt purchaser not a debt collector. A "debt purchaser ... may ... collect debts for its own account without triggering the statutory definition" of "debt collector." *Henson*, 582 U.S. at 83.

Accordingly, U.S. Auto's motion to dismiss is granted and the claims against U.S. Auto are dismissed with prejudice and without leave to amend. Usually, dismissal without leave to amend is improper "unless it is clear that the complaint could not be saved by any amendment."

*Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (internal quotation marks omitted). "But courts have discretion to deny leave to amend a complaint for futility, and futility includes the inevitability of a claim's defeat on summary judgment." *Johnson v. Am. Airlines, Inc.*, 834 F.2d 721, 724 (9th Cir. 1987) (citations and internal quotation marks omitted). I deny Banks' leave to amend because amendment will not change that U.S. Auto Credit does not qualify as a debt collector, rendering amendment futile.

### 2.    *I.Q. Data International Inc.'s motion to dismiss for failing to state a claim is granted.*

I.Q. Data International, Inc. moves to dismiss the claims for failing to prosecute under Federal Rule of Civil Procedure 41(b), or in the alternative, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim upon which relief can be granted. ECF No. 163. Banks opposes the motion. ECF No. 167.

#### a.    *Dismissal pursuant to Rule 41(b) is unwarranted.*

Federal Rule of Civil Procedure 41(b) gives defendants the ability to move for dismissal due to a plaintiff's failure to prosecute their case. *See* Fed. R. Civ. P. 41(b). Dismissal pursuant to 41(b) is a "harsh penalty." *Tillman v. Tillman*, 825 F.3d 1069, 1074 (9th Cir. 2016). The rule requires that plaintiffs prosecute their claims with "reasonable diligence" to avoid dismissal. *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). Moreover, "[a] dismissal for lack of prosecution must be supported by a showing of unreasonable delay." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

There is an insufficient showing of willful delay by Banks that would warrant a 41(b) dismissal. The docket does show that Banks has struggled to comply with procedural rules, including initially effectuating proper service. But this is not unlike many other pro se litigants, and the Ninth Circuit has long held that the courts are to give pro se litigants "the benefit of any doubt." *See Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) ("[W]e have an obligation where the petitioner is pro se ... to construe the pleadings liberally and to afford the petitioner

the benefit of any doubt."). Further, Banks did comply with now-retired Magistrate Judge Ferenbach's order to serve I.Q. Data with the amended complaint by June 27, 2023. *See* Minutes ordering service of I.Q. Data and other defendants by June 26, 2023, ECF No. 143; *see also* Executed Summons for I.Q. Data, ECF No. 152-2. This motion was filed less than one month after service was effectuated. Accordingly, I.Q. Data's motion to dismiss pursuant to Rule 41(b) is denied on this basis.

> b.   *Banks fails to allege a claim upon which relief can be granted against I.Q. Data.*

The court incorporates the Rule 12(b)(6) legal standard set forth above. *See supra*, Section II.B.1. Applying that standard, the court finds that dismissal of I.Q. Data is appropriate.

In the complaint, Banks alleges that on or about December 12, 2020, he sent I.Q. Data "a debt validation dispute letter via U.S. registered mail pertaining to an alleged account with I.Q. Data International reporting on his credit report[.]" ECF No. 179 at 12 (citing Plf.'s Ex. 39, ECF No. 102 at 18).[7] He further alleges that I.Q. Data refused that letter in violation of 15 U.S.C § 1692(g). *Id.* (citing Plf.'s Ex. 40, ECF No. 102 at 19). He thereafter alleges that I.Q. Data sent him debt collection notices, and that he sent a second debt validation notice on February 5, 2021, and that I.Q. Data's refusal to respond to his requests constitutes a violation 15 U.S.C. § 1692. *See generally* ECF No. 179 at 13.

I.Q. Data argues that the complaint fails to establish *when* Banks had initial contact with it, failing to establish when and if the 30-day clock under § 1692 was triggered. ECF No. 163 at 7. I agree. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Banks' complaint is

---

[7] The court notes that while Banks cites to Exhibits 39–43 in his claim against I.Q. Data, he did not attach any of those exhibits to any filed version of his complaint. But Banks did attach those exhibits to his opposition this motion. *See* Ex. B, ECF No. 167. Because they are referenced in this complaint, the court can consider them without converting this motion into one for summary judgment. *See Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n. 2 (9th Cir. 2006) (finding that a court may consider "a writing referenced in the complaint but not explicitly incorporated therein" if a claim necessarily relies on the document and there is no dispute as to authenticity.).

deficient because it does not plead any information regarding *when* Banks was first contacted by I.Q. Data seeking to collect a debt, which is required to properly assert a violation of 15 U.S.C. § 1692g(a). Liberally construing Banks' opposition, it appears that he argues that he contacted I.Q. Data himself to correct alleged inaccuracies. *See* ECF No. 167 at 12. It is unclear when I.Q. Data contacted Banks regarding debt collection prior to January of 2021 (ECF No. 179 at 13), which is after the December 2020 date set forth in the amended complaint. *Id.*

Consequently, Banks' claim against I.Q. Data does not comply with Fed. R. Civ. P. 8; therefore the court cannot find that Banks properly stated a claim upon which relief can be granted because the court cannot determine if I.Q. Data either needed to or failed to comply with 15 U.S.C. § 1692g(a). *See Kinney v. Erikson*, 2012 WL 1288805, at *3 (D. Idaho Apr. 16, 2012) ("[I]n order to claim a violation of § 1692(g), a consumer must show that a debt collector either failed to timely supply the notices required by subsection (a), or continued its attempts to collect a disputed debt prior to obtaining verification of the debt and supplying such verification to the consumer, as required by subsection (b).").

Banks' claims for relief under 15 U.S.C. §§ 1692e and 1692f also fail. As discussed above, Section 1692(e) provides that a debt collector may not use any false, deceptive, or misleading representation or means to collect any debt. *See* 15 U.S.C. § 1692(e). This rule is violated when a debt collector threatens to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. § 1692e(5). *Eckenrode*, 2014 WL 4092266, at *4. Section 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." But like both claims lodged against defendant ICS, these claims against I.Q. Data are insufficient. Banks' §1692e claim only alleges that I.Q. Data failed to comply with the debt collection requirements by using false and misleading representations, without pleading, much less providing the court, any information or evidence supporting this allegation. His § 1692f claim fails to specifically allege that I.Q. Data engaged in any unfair or unconscionable means to collect or attempt to collect from Banks. These mere summary allegations are insufficient to survive a

motion to dismiss. *See Iqbal*, 556 U.S. at 678 (A complaint will not survive a motion to dismiss if it "tenders naked assertions devoid of further factual enhancement."). Accordingly, I.Q. Data's motion to dismiss for failing to state a claim is granted. However, because it is unclear that amendment would be futile, these claims are dismissed without prejudice and with leave to amend.

**C.      Banks' motion to strike TransUnion's affirmative defenses is granted.**

Banks moves to strike all of TransUnion's affirmative defenses set forth in its Answer to the amended complaint. ECF No. 169. TransUnion opposes the motion, arguing that their Answer—including their affirmative defenses—meet the "basic, broad federal pleading requirements." ECF No. 183 at 4. TransUnion asks this court to deny the motion to strike, or in the alternative, permit it to amend its answer. *Id.* at 5. The court is permitted to strike "redundant, immaterial, impertinent, or scandalous matter" from a pleading pursuant to Federal Rule of Civil Procedure 12(f). The purpose behind Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

A motion to strike may be granted if "the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *See In re Arris Cable Modem Consumer Litig.*, 2018 WL 288085, at *5 (N.D. Cal. Jan. 4, 2018) (citation omitted). While motions to strike may be granted, Rule 12(f) motions are disfavored so "courts often require a showing of prejudice by the moving party before granting the requested relief." *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1122 (E.D. Cal. 2012) (quoting *California Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)). The decision to grant or deny a motion to strike is vested in the trial judge's sound discretion. *California Dept. of Toxic Substances Control*, 217 F. Supp. 2d at 1033. If the court finds "any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013) (citation omitted).

1    Federal Rule of Civil Procedure Rule 12(a) provides that a party served with a complaint
2  **must** respond "within 21 days after being served[.]" Fed. R. Civ. P. 12(a)(1)(A)(i). Here,
3  TransUnion was served with the amended complaint on June 27, 2023. *See* Executed Summons,
4  ECF No. 152-3. The Answer was due on or before July 18, 2023, but TransUnion's Answer was
5  not filed until August 8, 2023. Answer, ECF No. 164. Thus, the Answer was untimely.

6    But federal courts in this circuit and sister circuits generally hold that the untimeliness
7  of an answer is not, by itself, a sufficient basis to grant a motion to strike. *See Eagle Rock*
8  *Contracting, LLC v. Nat'l Sec. Techs., LLC*, 2016 WL 1555711, at *1 (D. Nev. Apr. 15, 2016) (collecting
9  cases); *see also McCabe v. Arave*, 827 F.2d 634 (9th Cir. 1987) (concluding that a district judge did
10 not abuse his discretion by denying the plaintiffs' request that the defendants' defenses be
11 stricken from an answer that plaintiffs received on the day of trial); *Est. of Hirata v. Ida*, 2011 WL
12 3290409, at *3 (D. Haw. June 14, 2011) (declining to strike an answer that was more than nine
13 months late where defendants "demonstrated an intent to defend the case on the merits").
14 Accordingly, and considering the strong judicial preference for resolving cases on their merits,
15 the court finds that the untimeliness of TransUnion answer does not, by itself, warrant striking
16 the pleading.

17    The court does however grant Banks' motion to strike TransUnion's affirmative defenses.
18 In pleading affirmative defenses, they "may be stated in 'general terms' and need only provide the
19 plaintiff with 'fair notice' of their nature.'" *Loi Nguyen v. Durham Sch. Servs., L.P.*, 358 F. Supp. 3d
20 1056, 1057 (C.D. Cal. 2019) (citing *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir.
21 2015)). But a defense that alleges "a plaintiff has not met its burden of proof," or that "merely
22 negates an element that [a plaintiff] was required to prove" is not an affirmative defense. *Zivkovic*
23 *v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Further, the court "may not resolve
24 disputed and substantial factual or legal issues in deciding" the motion. *Whittlestone, Inc. v. Handi-*
25 *Craft Co.*, 618 F. 3d 970, 973 (9th Cir. 2010).

26

The affirmative defenses set forth in TransUnion's answer fail. Some fail because they do not give Banks fair notice of their nature. For example, in paragraph 84, TransUnion alleges that any damages to Banks "are the result of the acts or omissions of [Banks] or others, over whom Trans Union has no control and for whom Trans Union has no responsibility" (ECF No. 164 at 10, ¶ 84), and in paragraph 90 alleges "[a]ny alleged damages to Plaintiff …were caused in whole or in part by an intervening or superseding cause" (*id.* at 11, ¶ 90). But there is no information regarding who or what constitutes the "others," "intervening," or "superseding." The remaining "defenses" fail because they ask this court to resolve disputed and substantial factual or legal issues. *See id.* at 10–11. Accordingly, Banks' motion to strike TransUnion's affirmative defenses is granted. TransUnion's "defenses" are stricken but with leave to amend. *Wyshak v. City Nat. Bank*, 607 F.2d 824, 826 (9th Cir. 1979) (Where a court strikes an affirmative defense, leave to amend should be freely given so long as there is no prejudice to the moving party).

### D.   Banks' motion for default judgment is denied.

Federal Rule of Civil Procedure 55(b) authorizes a district court to grant a default judgement after the clerk enters default under Rule 55(a). This ruling is granted by a judge or court in favor of plaintiff if the defendant fails to appear in court or respond to a court summons. Before entering a default judgment, the plaintiff must first satisfy the procedural requirements in Federal Rules of Civil Procedure 54(c) and 55. If all procedural requirements are satisfied the court has discretion to enter default judgment. Banks' motion for default judgment requests that this court enter entry of default against Aargon Agency TransUnion, U.S. Auto, and I.Q. Data for failure to appear and defend this action and/or file an answer to the amended complaint within the time allowed pursuant to Fed. R. Civ. P. 12(a)(1)(A). ECF No. 170. However, his motion does not meet the procedural requirements set forth in Rules 54(c) and 55.[8] Accordingly, Banks' motion for default judgment is denied.

---

[8] Federal Rule of Civil Procedure 55(b) authorizes a district court to grant a default judgment after the clerk enters default under Rule 55(a). This ruling is granted by a judge or court in favor of plaintiff if the defendant fails to appear in court or respond to a court summons. Before entering a default judgment, the

### III.     Instructions for amended complaint

If Banks chooses to amend his complaint, it must be filed within 21 days of this order. It **must** be labeled "Second Amended Complaint." In addition, Banks is informed that the court cannot refer to a prior pleading to make his second amended complaint complete. Local Rule 15-1(a) requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, generally, an amended pleading supersedes the original pleading. *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent. In other words, the original pleading no longer performs any function[.]'") (citations and internal quotation marks omitted).

The second amended complaint must not contain any claims or defendants previously dismissed (or where summary judgment was granted in favor of the defendant(s)) without leave to amend and must not contain copied allegations which the court previously has adjudicated to be insufficient. Banks may not add any defendants without leave of court. *See* Fed. R. Civ. P. 21; *see also* LR 15-1 (A "...moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading. The proposed amended pleading must be complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading" and "If the court grants leave to file an amended pleading, and unless the court orders otherwise, the moving party must then file and serve the amended pleading.").

If Banks files a second amended complaint, answers are due 21 days thereafter.

### IV.    Conclusion

IT IS HEREBY ORDERED that ICS's motion for summary judgment **[ECF No. 119] is granted**. The Clerk of Court is kindly instructed to enter judgment accordingly.

---

plaintiff must satisfy the procedural requirements in Federal Rules of Civil Procedure 54(c) and 55. If all procedural requirements are satisfied the court has discretion to enter default judgment.

IT IS FURTHER ORDERED that U.S. Auto's motion to dismiss **[ECF No. 162] is granted with prejudice and without leave to amend.** The Clerk of Court is kindly instructed to enter judgment accordingly.

IT IS FURTHER ORDERED that I.Q. Data's motion to dismiss for failing to state a claim **[ECF No. 163] is granted.** The claims against I.Q. Data are dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that Banks' motion to strike TransUnion's Answer or, in the alternative, to strike the affirmative defenses **[ECF No. 169] is granted in part and denied in part.** Banks' request to strike the TransUnion's Answer is denied but the request to strike the affirmative answers is granted. TransUnion's affirmative defenses are dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that Banks' motion for default judgment **[ECF No. 170] is denied**.

IT IS FURTHER ORDERED that Banks' status report for motions that are ripe for ruling **[ECF No. 193] is DENIED as moot**.

IT IS FURTHER ORDERED that, pursuant to Local Rule 16-5, this matter is referred to the magistrate judge for a settlement conference.

DATED: February 1, 2024

_____
Cristina D. Silva
United States District Judge