UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

| | |
|---|---|
| BLANTON BANKS, II, | Case No.: 2:21-cv-01580-CDS-EJY |
| Plaintiff, | |
| v. | ORDER |
| TRANS UNION, LLC, et al.; | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion to Strike Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint. ECF No. 216. The Court considered the Motion, Defendant Aargon Agency Inc's ("Aargon") Response (ECF No. 218), and Plaintiff's Reply. ECF No. 220.

**I.   Background**

The Court adopts, as if fully stated in this Order, the procedural history appearing in the Court's February 1, 2024 Order, which includes the denial of default judgment against Aargon. ECF No. 194. The Court adds that since that Order was issued this matter was set for a settlement conference (ECF No. 197), a Motion to Unseal Exhibits attached to Plaintiff's Amended Complaint was filed and ruled upon, the Court mistakenly entered an Order finding Aargon was dismissed, the Order dismissing Aargon was corrected and, at the parties' request, the settlement conference set for April 2024 was moved to July 2024. ECF Nos. 201, 207, 208, 210. Aaragon filed its Answer (despite alleging it was never properly served) on May 9, 2024. ECF No. 212.

Plaintiff says Aargon's Answer and ten affirmative defenses should be struck under Fed. R. Civ. P. 12(f). ECF No. 216 at 1. Plaintiff says the "defenses … are insufficient, redundant, immaterial and impertinent …." *Id*. at 2. Plaintiff also variously argues the Answer is untimely. Aargon responds that the statute of limitations has run on Plaintiff's claims, Plaintiff never properly served Aargon, Plaintiff makes a nonsensical argument regarding jurisdiction, and the Court should dismiss Plaintiff's action against it. ECF No. 218.

## II. Discussion

    a.    <u>Plaintiff's Motion to Strike Aargon's Answer Based on Timeliness is Denied</u>.

The Court's review of the docket shows that on June 27, 2023 Plaintiff filed Proof of Service on Aargon that states on its face the Summons was left with an intake clerk for this defendant. ECF No. 152-1. Whether an intake clerk is Aargon's authorized agent for service under Fed. R. Civ. P. 4(h)(1(B) is questionable as the federal rule requires service on a corporation to be on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." *Id.* Nonetheless, neither party provides evidence to the Court that would allow an informed decision regarding the effectiveness of Plaintiff's service. That said, and as previously explained to Plaintiff (ECF No. 194 at 18), even if Aargon's Answer was untimely, federal courts in this circuit and sister circuits generally hold that the untimeliness of an answer is not, by itself, a sufficient basis to grant a motion to strike. *Eagle Rock Contracting, LLC v. Nat'l Sec. Techs., LLC*, 2016 WL 1555711, at *1 (D. Nev. Apr. 15, 2016) (collecting cases); *see also McCabe v. Arave*, 827 F.2d 634 (9th Cir. 1987) (finding no abuse of discretion when denying the plaintiffs' request to strike defendants' defenses received on the day of trial); *Est. of Hirata v. Ida*, 2011 WL 3290409, at *3 (D. Haw. June 14, 2011) (declining to strike an answer that was more than nine months late where defendants "demonstrated an intent to defend the case on the merits"). Accordingly, and given the Court's strong preference for resolving cases on their merits, the potential untimeliness of Aargon's Answer is an insufficient basis to strike this pleading.

    b.    <u>Plaintiff's Motion to Strike Aargon's Affirmative Defenses is Granted in Part and Denied in Part</u>.

As stated by the Court on February 1, 2024:

> [t]he purpose behind Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). A motion to strike may be granted if "the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *See In re Arris Cable Modem Consumer Litig.*, 2018 WL 288085, at *5 (N.D. Cal. Jan. 4, 2018) (citation omitted). While motions to strike may be granted, Rule 12(f) motions are disfavored so "courts often require a showing of prejudice by the moving party before granting the requested relief." *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1122 (E.D. Cal. 2012) (quoting *California Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)). The decision to

|   |   |
|---|---|
| 1 | grant or deny a motion to strike is vested in the trial judge's sound discretion. *California Dept. of Toxic Substances Control*, 217 F. Supp. 2d at 1033. If the court finds "any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013) (citation omitted). |

ECF No. 194 at 17.

Aargon's First Affirmative Defense is stated on page 9 of ECF No. 212 and avers Plaintiff's claim is barred by the applicable statute of limitations. *Id*. at 9:22-23. The remainder of this affirmative defense contains legal argument, which even if correct, is not an affirmative defense. *Quintana v. Baca*, 233 F.R.D. 562, 565 (C.D. Cal. 2005).

Aargon's Sixth Affirmative Defense fails to assert a legal or factual failing of Plaintiff's claims and instead offers history regarding Plaintiff's filings and some rulings by the Court. *Id*. at 10:22-26. An affirmative defense is defined as "[a] defendant's assertion of fact and argument that, if true, will defeat the plaintiff's … claim, even if all the allegations in the complaint are true." *Black's Law Dictionary* (9th ed. 2009); *see also Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003). Further, affirmative defenses "may be stated in 'general terms' and need only provide the plaintiff with 'fair notice' of their nature.'" *Loi Nguyen v.Durham Sch. Servs., L.P.*, 358 F. Supp. 3d 1056, 1057 (C.D. Cal. 2019) (citing *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015)). Aargon's Sixth Affirmative Defense does not assert facts that pertain to Plaintiff's claim and fails to provide Plaintiff with the nature of the defense. In fact, the Sixth Affirmative Defense does not appear to be a defense to Plaintiff's action against Aargon at all. For this reason Aargon's Sixth Affirmative Defense is struck.

The remainder of Aargon's affirmative defenses state concise facts, legal theories, and argument that are properly asserted as they are specific to Plaintiff's pleading and provide Plaintiff with fair notice of the nature of the defense offered. For this reason, the Court denies Plaintiff's Motion seeking to strike Aargon's Second, Third, Fourth, Fifth, Seventh, Eighth, Ninth, and Tenth Affirmative Defenses.

### III. Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Strike Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Defendant Aagron's Answer is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Defendant Aargon's ten affirmative defenses is DENIED as to Aargon's Second, Third, Fourth, Fifth, Seventh, Eighth, Ninth, and Tenth Affirmative Defenses.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Defendant Aargon's first ten Affirmative Defense is GRANTED in part as stated in the body of this Order.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Defendant Aargon's Sixth Affirmative Defenses is GRANTED.

Dated this 2nd day of July, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE