UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Blanton Banks, II,

        Plaintiff

 v.

Trans Union LLC, et al.,

        Defendants

Case No. 2:21-cv-01580-CDS-EJY

**District Court's Response to Ninth Circuit's Referral Notice**

[ECF No. 236]

      Plaintiff Blanton Banks, II alleges violations of the Fair Credit Reporting Act (FCRA) and the Fair Debt Collection Practices Act (FDCPA) against fifteen defendants, including Trans Union, which moved for judgment on the pleadings. Mot., ECF No. 214. After reviewing the motion, Banks's opposition, along with the complaint and its exhibits, I found that Banks's claims lacked an arguable basis in law or in fact and thus granted Trans Union's motion. Order, ECF No. 232. Banks appeals my decision (ECF No. 233), and the United States Court of Appeals for the Ninth Circuit has referred this matter to me for the limited purpose of determining whether *in forma pauperis* status should continue for Banks's appeal or whether the appeal is frivolous or taken in bad faith. Ref. notice, ECF No. 236; *see also* 18 U.S.C. § 1915(a)(3).

      An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is frivolous or taken in bad faith. 28 U.S.C. § 1915(a)(3); *see also Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of *in forma pauperis* status is appropriate where the district court finds the appeal to be frivolous). For purposes of § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (stating that an indigent appellant is permitted to proceed IFP on appeal only if the appeal would not be frivolous). The good faith requirement is satisfied if the appellant seeks review of an issue that is not frivolous. *See Gardner*, 558 F.2d at 550.

Banks's notice of appeal to the Ninth Circuit alleges that his appeal is made "in light of this Court abusing its discretion on questions of law, making rulings on facts that should be determined by a jury[,] and judicial misconduct." Notice, ECF No. 233 at 2. As noted, Trans Union sought judgment on the pleadings arguing that Banks's claims under 15 U.S.C. § 1681e(b), § 1681i, and § 1681g were unsupported by his complaint and exhibits. After a de novo review of the pleadings, I agreed. A judgment on the pleadings is appropriate "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Yanez v. United States*, 63 F.3d 870, 872 (9th Cir. 1995). I thoroughly analyzed each of Banks's claims and provided numerous reasons demonstrating that Banks did not allege plausible facts to support his claims against Trans Union. The claims were properly dismissed without leave to amend because further amendment would be futile.[1] The court elects, in its discretion, not to address the unspecified allegation of judicial misconduct that Banks has raised in his appeal notice. However, because of this allegation, I leave it to the Ninth Circuit to decide whether there is a sufficient basis to revoke *in forma pauperis* status under the language of 18 U.S.C. §1915(a)(3). *Cf. Hooker*, 302 F.3d at 1092 ("28 U.S.C. § 1915(a) requires in forma pauperis status to be authorized for an appeal as a whole and not on a piecemeal basis by particular claims.").

The Clerk of Court is kindly instructed to serve a copy of this response on the parties and the Ninth Circuit Court of Appeals.

Dated:  January 6, 2025

_____
Cristina D. Silva
United States District Judge

---

[1] Banks was given the opportunity to amend his complaint, and the claims raised in his first amended complaint and its exhibits, did not demonstrate any way in which Banks could feasibly maintain his lawsuit against Trans Union.